## EX PARTE JOHN B. WILLIAMS.

On the 28th day of June, 1864, applicant was examined by the Board of Examining Surgeons, 3d C. D. T., found incompetent to perform military duty in the field, on account of physical disability, but able to do light duty in the Q. M. Department. A certificate to that effect was signed by said Board, and approved by the Enrolling Officer of Harris County. On the 29th day of July, 1864, the applicant was re-examined by said Board, and held liable to active field duty. Writ issued Aug. 31st, 1864. The return thereto made the 15th of September, 1864, by S. M. Drake, commandant of camp of instruction, claiming to hold applicant as a conscript, owing military service to the Confederate

States, under the laws thereof. On the trial before the Judge below, a large amount of evidence was introduced, to show that the applicant was unfit to perform military service in the field. The applicant had been regularly enrolled, and assigned to said camp of instruction. *Held*, that the first certificate of the Examining Board, finding applicant able to do light duty in the Q. M. Dept., fixed his status as a soldier, and placed him under the control of the military authorities, and that the civil courts, in such a case, cannot interfere between the soldier and the officer.

The exemptions embraced in the act of Congress, approved the 17th of February, 1864, entitled "An act to organize forces to serve during the war," are either absolute or conditional: absolute, when they refer to persons who fill certain offices, or occupy certain positions of life, with the attendant circumstances specified in the law, as in the case of the Vice President or an editor of a newspaper; conditional, wherein a state of facts may exist which may be rendered available to secure an exemption, if the party himself, or some one else, performs what is a prerequisite to that end, as in the case of a journeyman printer.

A certificate of disability from a Board of Examining Surgeons, is made by law a prerequisite for securing an exemption from military service, on the ground of personal or physical disability.

A certificate of a Board of Examining Surgeons, finding a party unfit for military service, by reason of decided and permanent disability, is a prerequisite for an absolute exemption; a party holding such a certificate, as long as such recognised disability lasts, retains his status as a citizen, and, in that capacity, can apply to the civil courts for redress, against any unlawful restraint whatever.

An examination of a Board of Surgeons, finding a party unfit for military service in the field, but able to do service in the staff department, puts him in the attitude of a soldier, and, as a soldier, he cannot apply to the civil courts to be relieved from obeying what he considers an unlawful order; or an order not unlawful in itself, but unlawful because he can show facts which entitle him to be a soldier for limited purposes.

It is competent for the Confederate government to place in the service those who are partially defective, as well as those who are entirely able-bodied ; and to determine the tribunal, the proceedings, and the standard by which the one or the other capacity may be, at any one time, fixed upon the party; but judges or courts of justice, having no connection with the army, cannot do so.

When the position of an officer and a soldier of the army is relatively occupied by two persons, they, in reference to their military duties, obligations, and rights, become subject to a code of military laws, administered and executed by military officers and military tribunals ; when a person occupies the position of a soldier, the jurisdiction of such tribunals and officers, in all matters involving his military duties, has attached, and is, in its nature, within its prescribed limits, exclusive.

The rule prescribed in the Côde of Criminal Procedure, Art. 180, that no person shall be discharged under the writ of habeas corpus, who is held by virtue of any legal engagement or enlistment, in the army, applies to those who are held as soldiers, under the conscript laws, in its spirit and reason, as strongly as though they had become soldiers by voluntary enlistment, legally made.

The object of the writ of habeas corpus, is not to determine the degree or manner of the restraint permissible in any case, but whether or not any restraint is lawful or unlawful.

Appeal from the Judgment of the Hon. GEORGE W, SMITH, Judge of the 1st Judicial District, sitting in Chambers, at Columbus.

*Jno. T. Harcourt*, for appellant.

*Attorney General*, for appellee.

ROBERTS, C. J., delivered the opinion of the Court.

Judgment affirmed.