No. 106,471

STATE OF KANSAS, Appellee, v. SHAWN ALDERSON, *Appellant.*

(322 P.3d 364)

Opinion filed April 11, 2014.

*Sean M.A. Hatfield*, of Maughan & Maughan LC, of Wichita, argued the cause, and *Carl F.A. Maughan*, of the same firm, was with him on the briefs for appellant.

*Boyd K. Isherwood*, assistant district attorney, argued the cause, and *Julie A. Koon*, assistant district attorney, *Nola Tedesco Foulston*, former district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

ROSEN, J.: Shawn Alderson, who is serving a life sentence for first-degree murder, appeals from the summary denial of his motion for release from a restitution order.

The underlying facts of Alderson's convictions are set out in *State v. Alderson*, 260 Kan. 445, 922 P.2d 435 (1996). He was convicted of one count of felony murder and one count of aggravated battery.

This court affirmed the convictions, vacated the upward durational departure sentence, and remanded. The new sentence, which was imposed on October 30, 1996, and which was the same upward departure sentence of life imprisonment with a consecutive sentence of 86 months for aggravated battery, was affirmed by this court in *State v. Alderson*, 266 Kan. 603, 972 P.2d 1112 (1999).

The issue of restitution was not addressed in the previous two appeals. The sentencing court ordered Alderson to pay restitution to various individuals and entities, including a hospital, insurance companies, and the Kansas Crime Victims Compensation Board, totaling $119,899.86. This amount was based on the calculations made at the original sentencing hearing. It appears that no restitution has ever been collected from Alderson.

On September 20, 2009, Municipal Services Bureau, a private corporation, sent Alderson a notice that he had "outstanding court fine(s)" and that he had to pay $150,903.74 "immediately." The notice stated that "the Kansas Attorney General has authorized Municipal Services Bureau . . . to contact you regarding the outstanding court fine(s)." Alderson filed a pro se motion in district court requesting release from the restitution order based on dormancy, which the district court summarily denied. Alderson took a timely appeal to this court.

The district court ruled that Alderson's restitution was not yet due and the dormancy petition was premature. Whether Alderson is currently subject to the court's restitution order is a question of law, and questions of law are subject to unlimited review. See, *e.g.*, *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013).

The application of the dormancy statute, K.S.A. 2013 Supp. 60-2403, to crime restitution orders issued under K.S.A. 22-3424(d) (Furse 1995) and K.S.A. 1996 Supp. 60-4301 *et seq.* is an issue of first impression before this court.

In denying Alderson's motion, the district court accepted the State's argument that restitution cannot be enforced against a defendant while the defendant is incarcerated. This argument is based on older cases. See, *e.g.*, *State v. DeHerrera*, 251 Kan. 143, 155, 834 P.2d 918 (1992) (defendant may not be ordered to pay restitution while incarcerated even if defendant is able to pay);

*State v. Bowers*, 239 Kan. 417, 428, 721 P.2d 268 (1986); *State v. McNaught*, 238 Kan. 567, 589, 713 P.2d 457 (1986). More recent opinions of our Court of Appeals have also relied on that older line of cases. See, *e.g.*, *State v. Robards*, 31 Kan. App. 2d 1138, 78 P.3d 825 (2003), *rev. denied* 277 Kan. 927 (2004). These decisions were grounded in the language of earlier versions of K.S.A. 21-4603(2), which did not include restitution as an item that could be combined with other parts of a sentence.

Subsequent changes in the statutory scheme, however, have provided that a sentencing court could require a convicted person to both serve a sentence of imprisonment *and* pay restitution. In *Puckett v. Bruce*, 276 Kan. 59, 61-62, 73 P.3d 736 (2003), this court upheld a district court order permitting the Department of Corrections to collect restitution from the defendant's prison account while the defendant was incarcerated. The court distinguished *Puckett's* arguments, noting that they were based on K.S.A. 2002 Supp. 21-4603 (now K.S.A. 2013 Supp. 21-6702), which applied to crimes committed prior to July 1, 1993, and which, unlike K.S.A. 2002 Supp. 21-4603d, forbade a court to order restitution and a simultaneous term of incarceration. The new statutory scheme allows restitution *in addition to* other sentencing terms. See K.S.A. 2013 Supp. 21-6604(b)(1). Given that some inmates may have substantial assets when they are sentenced, or may acquire assets, as through inheritance, it is sensible that in those situations victims should not have to wait an indefinite period of time to receive compensation.

The journal entry of sentencing set a total restitution amount of $119,899.86 and added the comment: "The Court finds that restitution is owed in this case, as set out below, and advises the Secretary of Corrections' Board of Pardon and Parole that defendant's release from incarceration should be made contingent upon defendant making restitution." This language was ambiguous. It is not clear whether the court intended that Alderson be subject to the restitution order during the time of his incarceration or that the order of restitution become effective only upon his conditional release from confinement.

K.S.A. 2002 Supp. 21-4603d(b)—the predecessor statute to K.S.A. 2013 Supp. 21-6604(b)—gave the district court the discretion to order at sentencing the withholding of a certain amount as restitution from an inmate's entire monthly prison account. *Puckett*, 276 Kan. at 63. This was not done in the present case. If the district court intended that Alderson be subject to the collection of restitution while he is incarcerated, it was required to declare that intention unambiguously. See *Bowers*, 239 Kan. at 428. The restitution amount therefore did not become due at the time of sentencing or while Alderson is incarcerated.

If it was an enforceable order, then the order would necessarily become effective should Alderson ever be paroled. This is also not a legally viable option. It is well established that a sentencing court does not have the authority to impose parole conditions. It is the role of the Kansas Prisoner Review Board, not the courts, to set conditions of parole. See *State v. Clark*, 298 Kan. 843, Syl. ¶ 3, 317 P.3d 776 (2014); *State v. Waggoner*, 297 Kan. 94, 100, 298 P.3d 333 (2013); *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012).

We conclude that the district court did not enter an enforceable restitution judgment when it sentenced Alderson. It instead provided an advisory calculation of damages for the benefit of the Kansas Prisoner Review Board. There being no judgment of restitution, the judgment could not become dormant. The notice that Municipal Services Bureau sent Alderson erroneously asserted that he was in default on a judgment, even if the notice was commissioned on behalf of the district court. Equitable principles, such as quasi-estoppel, cannot be used to convert a legal criminal sentence into an illegal sentence.

When it denied Alderson's dormancy claim, the district court relied on *Robards*, 31 Kan. App. 2d 1138, and ruled that the statutory period to enforce the judgment would begin when he is released from prison. Because of statutory changes, *Robards* no longer accurately describes the law in this state. The district court was correct, however, in rejecting Alderson's petition seeking a declaration of dormancy. Because there is no pending judgment

ordering Alderson to pay restitution, the district court had no jurisdiction to release an obligation on his part.

When the district court enters a judgment that is correct in its result but is based on incorrect reasoning, this court will affirm. See *State v. Hall*, 297 Kan. 709, 715, 304 P.3d 677 (2013); *Schoenholz v. Hinzman*, 295 Kan. 786, 797, 289 P.3d 1155 (2012).

Affirmed.