No. 116,413

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Plaintiff*,
(BUTLER & ASSOCIATES, P.A.),
*Appellee*,

v.

JAMES JAMERSON,
*Appellant*.

SYLLABUS BY THE COURT

1.

Although our criminal code does not contain statutes outlining a procedure by which a person owed restitution may seek recovery of the judgment, once a defendant has been sentenced in accordance with the relevant criminal statutes, enforcement of the restitution portion of the defendant's sentence is governed by the Kansas Code of Civil Procedure and is treated the same as any other money judgment obtained in a civil suit.

2.

A judgment creditor may seek to enforce his or her award through garnishment proceedings as soon as 14 days after a judgment is entered. K.S.A. 2016 Supp. 60-731(a). This is true regardless of whether an appeal has been filed challenging the underlying award.

3.

To stay execution of a money judgment during an appeal, an appellant must post a supersedeas bond.

1

4.

A court has discretion to order payment of restitution while a defendant is incarcerated, but the court must declare that intention unambiguously.


5.

When a district court does not make it clear that restitution is payable immediately, restitution does not become due until the prisoner against whom the judgment is entered is released from prison.


Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed June 16, 2017, 2017. Reversed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant, and *James Lee Jamerson*, appellant pro se.

*Stephanie B. Poyer*, of Butler & Associates, P.A., of Topeka, for appellee.


Before ARNOLD-BURGER, C.J., HILL, J., and HEBERT, S.J.


ARNOLD-BURGER, C.J.:  District courts may order restitution in addition to or in lieu of a prison sentence or probation in a criminal case. When restitution is ordered, it is a judgment against the defendant which can be collected by garnishment proceedings as in any civil case. Although the district court has discretion to order payment of restitution while a defendant is incarcerated, the court must declare that intention unambiguously. When it fails to do so, the restitution does not become due until the prisoner is released.

James Jamerson pled guilty to second-degree murder, aggravated robbery, and conspiracy to commit aggravated robbery. In addition to his prison sentence, the district court ordered Jamerson to pay restitution in the amount of $5,644.85. While he was still in prison, a garnishment action was filed in an attempt to collect the restitution. The

2

district court ordered garnishment of Jamerson's prisoner account. We agree with Jamerson that this was error because the district court failed to make it clear that restitution was payable immediately. Accordingly, we find that it does not become due until Jamerson is released from prison and the district court's order of garnishment is reversed.

FACTUAL AND PROCEDURAL HISTORY

Jamerson pled guilty to and was convicted of second-degree murder, aggravated robbery, and conspiracy to commit aggravated robbery in 2001. In addition to a prison sentence, the district court ordered Jamerson to pay restitution in the amount of $5,644.85.

In 2013, Jamerson filed a motion to correct an illegal sentence which the district court denied. He filed a second motion to correct an illegal sentence in 2015, arguing that his criminal history score was improperly calculated. The district court agreed and Jamerson was resentenced in January 2016. At the time of resentencing, Jamerson agreed to pay restitution in the original amount ordered. Neither the journal entry of resentencing nor the agreed order of restitution specify that payment of restitution is to commence while Jamerson is in prison. Nevertheless, several months after resentencing, while the underlying case was on appeal to this court, the district court entertained a request for and entered an order of garnishment of Jamerson's prisoner account. Jamerson now appeals.

ANALYSIS

*The district court did have jurisdiction to enter an order of garnishment.*

Jamerson argues that the district court lacked jurisdiction to enter a garnishment order prior to the conclusion of his resentencing appeal. Whether jurisdiction exists is a

question of law over which this court's review is unlimited. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014). To the extent that resolution of this issue requires this court to engage in statutory interpretation, such review is also unlimited. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014).

Specifically, Jamerson argues that restitution is part of a criminal sentence so that when the sentence is appealed, the district court loses jurisdiction to take any further action regarding it. He points out that there is no procedure in the Kansas Criminal Code that provides "for the continued jurisdiction of the district court to execute on a restitution judgment" while an appeal is pending, nor do the statutes provide a way by which an appellant can stay execution of a money judgment that is ordered as part of a criminal sentence while the case is on appeal.

K.S.A. 2016 Supp. 21-6604(b)(1) (formerly K.S.A. 2000 Supp. 21-4603d[a][11]) authorizes district courts to order restitution in addition to or in lieu of a prison sentence or probation in a criminal case. When restitution is ordered, it is be viewed as "a judgment against the defendant which may be collected by the court by garnishment or other execution as on judgments in civil cases." K.S.A. 2016 Supp. 21-6604(b)(2). Garnishment could be commenced "in accordance with K.S.A. 60-4301 et seq., and amendments thereto." K.S.A. 2016 Supp. 21-6604(b)(2).

K.S.A. 60-4301 provides:

"A certified copy of any judgment of restitution . . . shall be filed in the office of the clerk of the district court of the county where such restitution was ordered. . . . The clerk of the district court shall record the judgment of restitution in the same manner as a judgment of the district court of this state pursuant to the code of civil procedure. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings as a judgment of a district court of this state and may be enforced or satisfied in like manner."

4

Reviewing these statutes, it is clear that Jamerson is technically correct that our criminal code does not contain statutes outlining a procedure by which a person owed restitution may seek recovery of the judgment entered in his or her favor. Instead, once a defendant has been sentenced in accordance with the relevant criminal statutes, enforcement of the restitution portion of the defendant's sentence is governed by the Kansas Code of Civil Procedure and is treated the same as any other money judgment obtained in a civil suit. K.S.A. 2016 Supp. 21-6604(b)(1); K.S.A. 60-4301.

One method by which a civil money judgment may be enforced is garnishment. See K.S.A. 2016 Supp. 60-729(a); K.S.A. 2016 Supp. 60-731(a). A judgment creditor may seek to enforce his or her award through garnishment proceedings as soon as 14 days after a judgment is entered. K.S.A. 2016 Supp. 60-731(a). This is true regardless of whether an appeal has been filed challenging the underlying award. See *Uhlmann v. Richardson*, 48 Kan. App. 2d 1, 16, 287 P.3d 287 (2012); see also K.S.A. 2016 Supp. 60-2103(d)(1) (to stay execution of a money judgment during an appeal, an appellant must post a supersedeas bond).

Although the district court lost jurisdiction to alter or amend Jamerson's sentence while the case was on appeal—including the amount of restitution he was ordered to pay—the district court had jurisdiction to enter an order of garnishment. K.S.A. 2016 Supp. 21-6604(b)(2) expressly states that restitution may be collected *by the court* by garnishment or execution. We take that to mean unequivocally that the criminal court that orders restitution has jurisdiction to issue the garnishment order.

*The district court erred when it entered an order of garnishment.*

Jamerson makes several different arguments that question whether the district court followed the proper procedures when it entered an order of garnishment allowing the State to garnish funds from Jamerson's prisoner account. Specifically, Jamerson

contends that the district court erred when it turned the restitution judgment over to debt collectors, entered an order of garnishment, and denied his request for a hearing on the matter. Whether the district court followed the proper procedures and had the authority to enter an order of garnishment are questions of law over which this court has unlimited review. *State v. Alderson*, 299 Kan. 148, 149, 322 P.3d 364 (2014).

Jamerson also contends that the district court erred when it allowed debt collectors to pursue collection of restitution. Jamerson argues that the district court erred when it granted the order of garnishment because it did not follow the procedures outlined in K.S.A. 2016 Supp. 21-6604(b)(2). Jamerson does not, however, specify which part of the statute the district court failed to follow.

K.S.A. 2016 Supp. 21-6604(b)(2) reads:

"If the court orders restitution, the restitution shall be a judgment against the defendant which may be collected by the court by garnishment or other execution as on judgments in civil cases. If, after 60 days from the date restitution is ordered by the court, a defendant is found to be in noncompliance with the plan established by the court for payment of restitution, and the victim to whom restitution is ordered paid has not initiated proceedings in accordance with K.S.A. 60-4301 et seq., and amendments thereto, the court shall assign an agent procured by the attorney general pursuant to K.S.A. 75-719, and amendments thereto, to collect the restitution on behalf of the victim. The chief judge of each judicial district may assign such cases to an appropriate division of the court for the conduct of civil collection proceedings."

The statute lists several prerequisites that must be satisfied before a restitution judgment may be assigned to the "appropriate division of the court" for the initiation of collection proceedings. Those are that (1) 60 days have passed from the date restitution was ordered, (2) the defendant is determined to be "in noncompliance with the plan established" for the payment of restitution, and (3) the victim to whom the restitution is

6

due has not initiated collection proceedings. K.S.A. 2016 Supp. 21-6604(b)(2). Here, the issue is not as much that the district court failed to follow these three steps as it is that there was no plan established for the payment of restitution—although the district court ordered restitution and set the amount, it failed to clarify when payment was to begin.

In *Alderson*, our Supreme Court interpreted what was then K.S.A. 2002 Supp. 21-4603d(b) and concluded that, in accordance with the statute, a prisoner could be forced to pay restitution while in prison, but that "[i]f the district court intended that [a prisoner] be subject to the collection of restitution while he is incarcerated, it was required to declare that intention unambiguously." 299 Kan. at 151. When a district court does not make it clear that restitution is payable immediately, restitution does not become due until the prisoner against whom the judgment is entered is released from prison. 299 Kan. at 151; see also *State v. Holt*, 305 Kan. 839, 841, 390 P.3d 1 (2017) (reaffirming *Alderson*).

Here, the district court ordered restitution both at Jamerson's original sentencing and again, in the same amount, upon resentencing. At neither sentencing hearing nor in either journal entry did the district court specify that payment of restitution was to begin while Jamerson was incarcerated. Since the district court did not unambiguously declare its intent that restitution payments begin immediately, Jamerson's restitution will not become due until he is released.

The district court erred when it entered an order allowing garnishment of Jamerson's inmate account because the judgment against Jamerson for restitution will not be enforceable until after he is released from prison.

Reversed.