NOT DESIGNATED FOR PUBLICATION

No. 116,860

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CESAR FIERRO-ACEVEDO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed December 1, 2017. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender office, for appellant.

*William C. Votypka*, deputy county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and POWELL, JJ.

PER CURIAM: Cesar Fierro-Acevedo was convicted in Finney County District Court after entering a no contest plea to one count of second-degree murder and one count of solicitation to commit robbery. His sentence for these crimes included an order to pay $7,004.77 in restitution. Fierro-Acevedo appeals this aspect of his sentence. But given Fierro-Acevedo's failure to demonstrate his future inability to pay restitution, he has failed to meet his burden to establish compelling circumstances that would render such payment unworkable as required by K.S.A. 2016 Supp. 21-6604(b)(1). Accordingly, the decision of the district court is affirmed.

FACTUAL AND PROCEDURAL HISTORY

Fierro-Acevedo entered a plea of no contest to second-degree murder and solicitation of robbery. Per the plea agreement, the balance of the felony charges filed against him were dismissed by the State.

In addition to requesting the aggravated sentence ranges for each crime to be served concurrently, the State requested restitution in the amount of $7,004.77 to be paid to the victim's family and to the Crime Victims Compensation Board, and suggested it could be ordered joint and several with his two codefendants. Fierro-Acevedo's attorney argued that the amount would only be workable if his client received probation, but any amount of prison time would render the restitution amount unworkable. The State acknowledged that Fierro-Acevedo would not be able to pay restitution until he was released from prison, but that there was potential for him to pay it, and the potential for the other two codefendants to contribute toward the amount. Fierro-Acevedo declined to make a statement or present any additional evidence at sentencing.

Following this brief discussion at his sentencing hearing of whether restitution was unworkable, the district court ordered restitution be paid to the victim's family and to the Crime Victims Compensation Board in the total amount of $7,004.77. This amount was ordered to be paid joint and several with codefendants Michael George and Jeffrey Rigdon in their respective criminal cases. Fierro-Acevedo appeals the restitution order.

ANALYSIS

At sentencing, "the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2016 Supp. 21-6604(b)(1). Restitution is the rule and a finding that

restitution is unworkable is the exception. It is the defendant's burden to come forward with evidence regarding an alleged inability to pay restitution. *State v. Holt*, 305 Kan. 839, Syl. ¶ 2, 390 P.3d 1 (2017).

Whether a district court's plan of restitution is unworkable is reviewed on appeal for abuse of discretion. 305 Kan. 839, Syl. ¶ 4. Judicial discretion is abused when the court acts (1) arbitrarily, fancifully, or unreasonably, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law; or, (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). When challenging the workability of a restitution order, the defendant carries the burden to come forward with evidence of "'compelling circumstances'" that render the restitution plan unworkable. *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 (2015).

Fierro-Acevedo's sole argument on appeal is that the district court abused its discretion when it found restitution in the amount of $7,004.77 was workable and ordered him to pay that amount as part of his sentence. But Fierro-Acevedo provided no evidence of an inability to pay restitution, and the only circumstance he argued at sentencing, which purportedly rendered restitution unworkable, was incarceration.

Fierro-Acevedo concedes that proof of inability to pay restitution means proof of inability to pay upon release, and that imprisonment alone is insufficient to render restitution unworkable. He properly cites to *Alcala*, 301 Kan. at 840, and *Holt*, 305 Kan. 842-43, for these rules. However, relying on Justice Johnson's dissent in *Holt*, he argues that these cases were "wrongly decided because the standards place an impossible burden on defendants and fails [*sic*] to consider the restitution statutes when read together as a whole." See *Holt*, 305 Kan. at 845-49 (Johnson, J., dissenting). But this court is duty-bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). There is no such indication.

3

Now, on appeal, Fierro-Acevedo also contends that his August 2015 financial affidavit for a court appointed attorney demonstrated that he had been unemployed for a year and still had $1,400 per month in expenses. However, at his August 2016 sentencing hearing, Fierro-Acevedo did not reiterate the details of his financial affidavit, argue for the consideration of its contents, or provide any current financial information. More to the point, the Kansas Supreme Court has not viewed such a financial affidavit—filed for the purpose of obtaining appointed counsel—as sufficient to sustain the burden of proving future inability to pay restitution. See *Holt*, 305 Kan. at 843 (citing *State v. Goeller*, 276 Kan. 578, 583, 77 P.3d 1272 [2003], for the proposition that even though a financial affidavit demonstrating poverty was filed, the court ruled defendant "'presented no evidence of his inability to pay'").

Moreover, even taking as true the 2015 financial affidavit, it cannot be said that no reasonable person would have declined to find these minimal facts made postrelease restitution unworkable. The record suggests that Fierro-Acevedo's period of unemployment began with a previous arrest on one or more felony charges and an unknown period of time in jail before being released on bond. His attorney argued for probation indicating that he would only be able to pay restitution if he were placed on probation. All indications were that Fierro-Acevedo was perfectly able to work in "a trade that he could ply and make a living" at if not in jail. All parties agree that Fierro-Acevedo would not be able to pay anything until he was out of prison. See *State v. Alderson*, 299 Kan. 148, 151, 322 P.3d 364 (2014) (to make defendant subject to collection of restitution during incarceration, district court must declare that intent unambiguously).

Finally, Fierro-Acevedo contends on appeal that the joint and several order was the only reason the district court found the restitution amount workable. However, this is a mischaracterization of that order. At the sentencing hearing, Fierro-Acevedo argued that restitution was unworkable if he was not given probation. The district court judge

4

found the amount of restitution was not unworkable and further simply suggested by the context of his comments that because there were two other defendants "potentially contributing," for Fierro-Acevedo the total amount could end up being even less.

Given Fierro-Acevedo's failure to come forward with evidence of compelling circumstances that render the restitution plan unworkable, he has failed to carry his burden of proof and demonstrate that the restitution plan was unworkable. Therefore, the district court did not abuse its discretion in ordering Fierro-Acevedo to pay $7,004.77 in restitution. Accordingly, the district court's order is affirmed.

Affirmed.