NOT DESIGNATED FOR PUBLICATION

Nos. 117,595
117,596

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL DWAYNE GEORAGE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed September 7, 2018. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Brock R. Abbey*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., MCANANY and POWELL, JJ.

PER CURIAM:  As part of a plea agreement with the State, Michael Dwayne Georage pled no contest in two cases to aggravated battery, aggravated assault, and two forgeries, all felonies. At sentencing, the district court ordered Georage to pay restitution and to register as a violent offender because he committed his crimes with a deadly weapon. Georage appeals these orders and argues the district court erred because its restitution order was unworkable and because the district court's order requiring him to register as a violent offender violated his constitutional rights as it increased his

1

punishment based upon facts not proven to a jury beyond a reasonable doubt. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Georage's appeal stems from his convictions in two criminal cases—16CR149 and 16CR311. In February 2016, the State charged Georage in 16CR149 with one count each of aggravated robbery, aggravated battery, aggravated assault, attempted aggravated kidnapping, and battery. In March 2016, the State charged Georage in 16CR311 with three counts each of forgery and theft by deception. We consolidated the two cases for appeal.

Georage pled no contest according to a plea agreement in 16CR149 to one count of aggravated battery and one count of aggravated assault. As part of the plea agreement, Georage acknowledged that he would register as a violent offender for 15 years. Georage also pled no contest according to a plea agreement in 16CR311 to two counts of forgery. As part of the plea agreement, he agreed to pay restitution on all counts, including dismissed counts. The district court found Georage guilty on all counts, made the factual finding in 16CR149 that he committed the offenses with a deadly weapon, and required him to register as a violent offender.

At sentencing, the district court acknowledged that Georage already registered in 16CR149. The district court sentenced Georage to a controlling term in both cases of 55 months in prison.

The district court then reviewed the total amount of restitution for the damages caused by Georage's crimes. In 16CR149 and 16CR311, Georage did not dispute that his conduct caused damages of $1,789.44 to the victim; $23,085.41 to the victim's insurance company, Blue Cross Blue Shield Choice PPO; $2,304 to Bennington State Bank; and

2

$609.42 to First Bank. Instead, Georage moved the district court to find that the restitution ordered was unworkable, particularly the $23,085.41 ordered to Blue Cross. After hearing argument, the district court denied his workability claim and ordered Georage to pay the full amount of restitution in each case. In denying Georage's motion, the district court found that Georage was young and able-bodied with no physical disabilities; that he had no mental or intellectual disabilities; that he was of reasonable intellect and capable of obtaining his GED; and that he had no dependents.

Georage timely appeals.

I. DID THE DISTRICT COURT ABUSE ITS DISCRETION IN DETERMINING GEORAGE'S WORKABILITY CLAIM?

Georage first claims the district court abused its discretion by ordering an unworkable restitution plan. The State counters that Georage only preserved his claim that the restitution amount owed to Blue Cross for $23,085.41 was unworkable. We will address the preservation argument first.

A. *Preservation*

The State argues that Georage failed to preserve for appeal his claim that the district court's restitution order was unworkable, claiming that Georage argued before the district court only that the restitution owed to Blue Cross was unworkable.

Generally, to preserve an issue for appeal a party must raise the argument below so the district court may consider and rule on the matter. See *State v. Cheffen*, 297 Kan. 689, 698, 303 P.3d 1261 (2013). We typically require defendants to raise an objection to the restitution order to preserve the issue for appeal. See *State v. King*, 288 Kan. 333, 353, 204 P.3d 585 (2009). At least one panel of our court declined to review for the first time on appeal a defendant's workability claim because such claims generally require

3

highly fact intensive considerations. See *State v. McDonald*, No. 116,855, 2018 WL 560178, at *2 (Kan. App. 2018) (unpublished opinion).

The preservation problem before us concerns whether Georage objected to the entire restitution order as opposed to only the district court's specific ruling concerning whether the restitution order for Blue Cross was unworkable. At the sentencing hearing, Georage raised an oral objection to the restitution order as unworkable. Thus, unlike in most failure to preserve cases where the argument of unworkability is not raised at all, Georage did not wholly fail to object to the restitution as unworkable in the district court. See, e.g., *King*, 288 Kan. at 356.

After the district court reviewed the restitution amounts at the hearing, Georage only disputed the Blue Cross restitution amount as unworkable, arguing that he would be paying restitution to the two banks and the victim. Specifically, Georage argued that the restitution amount of $23,085.41 to Blue Cross was unworkable because that payment would be to an insurance company and an insurance company was in the business of paying claims and received insurance premiums in order to pay such claims. He also claimed such a payment would be unworkable because of his limited financial means and lack of education.

Ultimately, we find the State's argument has merit. Although Georage established a record on his claim by raising an objection and presenting testimony and the district court's ruling did not appear to be limited to only the restitution owed to Blue Cross, Georage did not argue that the total amount of restitution the district court ordered him to pay was unworkable. Rather, Georage argued that he would be paying restitution to the two banks and the victim and used those future restitution obligations to argue that the $23,085.41 to Blue Cross was unworkable. After a review of the restitution hearing transcript, we conclude Georage did not preserve for appeal any contention that restitution in the full amount of $27,788.27 was unworkable. Georage only preserved his

4

challenge to the restitution amount of $23,085.41 owed to Blue Cross as unworkable. Accordingly, we will address that aspect of the district court's restitution order.

B.  *Standard of Review*

"We review whether a plan of restitution would be unworkable for an abuse of discretion. Judicial discretion is abused if no reasonable person would agree with the decision or if the decision is based on an error of law or fact. To the extent this question requires interpretation of the restitution statute, our review is de novo. [Citations omitted.]" *State v. Meeks*, 307 Kan. 813, 816, 415 P.3d 400 (2018).

"Regarding restitution, [K.S.A. 2017 Supp. 21-6604(b)(1)] provides that 'the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable.'" 307 Kan. at 816. "'The design of this provision makes clear that restitution is the rule and a finding that restitution is unworkable the exception. It also leads us to conclude that it is defendant's burden to come forward with evidence of his or her inability to pay.'" 307 Kan. at 816-17 (quoting *State v. Goeller*, 276 Kan. 578, 583, 77 P.3d 1272 [2003], *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 [2015]).

While K.S.A. 2017 Supp. 21-6604(b)(1) provides no definition of "unworkable," the Kansas Supreme Court has expressly held that lower courts should evaluate the issue case-by-case rather than under a rigid formulation. 307 Kan. at 819-20. Our Supreme Court explained the standard:

"[A] defendant who argues that restitution is unworkable must come forward with evidence of his or her inability to pay. District courts should use this flexible guideline to evaluate each defendant's unique circumstances before deciding whether the defendant has shown a plan would be unworkable. Some of the factors relevant to the court's

5

inquiry will be the defendant's income, present and future earning capacity, living expenses, debts and financial obligations, and dependents. In some circumstances, the amount of time it will take a defendant to pay off a restitution order will also be relevant, especially if the defendant is subject to probation until the restitution is paid in full. In all circumstances, the district court should keep in mind the ultimate goals of restitution: compensation to the victim and deterrence and rehabilitation of the guilty. [Citations omitted.]" 307 Kan. at 820.

C.    *Discussion*

On appeal, Georage mainly argues that the district court abused its discretion in overruling his objection that the restitution ordered was unworkable because—based on his past and likely future employment in minimum wage jobs—it will take him an unreasonable amount of time to pay off the restitution order. He analogizes his case to the decision in *State v. Herron*, 50 Kan. App. 2d 1058, 335 P.3d 1211 (2014), *rev. denied* 301 Kan. 1049 (2015).

In *Herron*, the district court granted Herron 18 months' probation on one count of theft and three counts of forgery after revoking her diversion for failure to pay $6,864.10 in restitution under the agreement. The State requested the district court order Herron to pay $7,709.94 in restitution while on probation. Herron objected, arguing that any amount of restitution was unworkable because of her low income—she explained that she made $680 a month at Subway but paid $392 per month for her car, health insurance, and rent. Herron said that after buying food at $161.10 per month, she was left with only $32 per week for items like soap, medicine, and socks. Overruling her objection, the district court ordered her to pay $6,864.10 in restitution. On appeal, the panel majority found the district court had abused its discretion and held that a district court may consider a defendant's ability to pay and poverty as factors in a workability determination. See 50 Kan. App. 2d at 1064-65. Stated the majority:

6

"[W]here the defendant could not possibly pay off the amount of restitution within the statutorily established probation period and where it would take 57 years to pay the restitution with the monthly payment amount suggested by the State, ordering that total amount of restitution without providing any suggested payment plan is unworkable and unreasonable." 50 Kan. App. 2d 1058, Syl. ¶ 3.

But see 50 Kan. App. 2d at 1067 (Powell, J., dissenting) ("[T]he representatives of the people are in a better place to decide what is reasonable, and our legislature has specifically allowed for probation to be continued *indefinitely* so a defendant may satisfy unpaid restitution. See K.S.A. 2013 Supp. 21-6608[c][7].").

Georage's reliance on *Herron* is unpersuasive because it is distinguishable on its facts. Unlike in *Herron*, the district court here did not place Georage directly onto probation; rather, the district court sentenced him to prison and postrelease supervision. See *State v. Steffens*, No. 113,175, 2016 WL 1719666, at *3-5 (Kan. App. 2016) (unpublished opinion) (finding *Herron* distinguishable when restitution ordered on postrelease supervision and not probation), *rev. denied* 306 Kan. 1330 (2017). The district court also did not order Georage to pay any fixed amount, either during his prison term or after, and delayed payments until his release. See *State v. Alderson*, 299 Kan. 148, 151, 322 P.3d 364 (2014) (holding restitution not due while prisoner incarcerated unless district court unambiguously declares contrary intent on the record). Thus, the district court's order imposed no immediate restitution obligation onto Georage. See *State v. Holt*, 305 Kan. 839, 844, 390 P.3d 1 (2017) (finding restitution not immediately payable during prison term but payable upon release).

While we recognize the difficulty that a district court may face in predicting a defendant's ability to make future payments while subject to incarceration, our Supreme Court has held that a defendant—subject to a long prison sentence and limited earning potential—failed to meet his burden to prove restitution unworkable when he "presented

7

no evidence of his inability to pay restitution after his possible parole." *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 (2015).

Here, even though Georage presented some evidence supporting his inability to pay restitution after his release, Georage failed to meet his burden of proving that the restitution order was unworkable. Georage mainly argues on appeal that the restitution is unworkable because he is likely to work minimum wage jobs upon his release. Although he also testified at the hearing that he currently had no money, no real or personal property, and no assets, the district court found that he had shown a lack of effort in the past; he had no physical, mental, or intellectual disabilities; he was young and able-bodied; and he was of reasonable intellect and capable of obtaining his GED. The district court also reviewed other factors unique to his circumstances, including his age, past employment, current education level, and lack of dependents. Finally, Georage presented no evidence of debts, bills, or expenses that would affect his ability to pay restitution in the future.

Because a reasonable person could take the view adopted by the district court and the ruling was not based on an error of law or fact, we find that the district court did not abuse its discretion in finding the restitution order workable.

II.    DOES A DISTRICT COURT'S DEADLY WEAPON FINDING AND ORDER TO REGISTER AS A VIOLENT OFFENDER UNDER K.S.A. 2015 SUPP. 22-4902(e)(2) VIOLATE A DEFENDANT'S CONSTITUTIONAL RIGHTS?

For the first time on appeal, Georage argues that the district court's requirement that he register as a violent offender under K.S.A. 2015 Supp. 22-4902(e)(2) violates his Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because the registration requirement increased his punishment and was based on improper judicial fact-finding that he committed the offenses with a deadly weapon.

"Generally, constitutional claims cannot be raised for the first time on appeal." *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018) (citing *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 [2015]). A party seeking to raise a constitutional issue not raised below must assert an exception to the general rule. 307 Kan. at 430.

Georage argues we should consider his claim for the first time on appeal to prevent the denial of his fundamental rights. However, Georage concedes he is raising the issue to preserve it for further state and/or federal review. He also concedes his argument has been rejected by the Kansas Supreme Court's decision in *State v. Huey*, 306 Kan. 1005, 1010, 399 P.3d 211 (2017), *cert. denied* 138 S. Ct. 2673 (2018).

Georage offers no argument that our Supreme Court is departing from *Huey* and only briefly points to the dissent in support of the merits of his claim. Given that there is no indication our Supreme Court is departing from its position in *Huey* and we are duty bound to follow our Supreme Court's precedent, we reject Georage's constitutional claim. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015).

Affirmed.