IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 119,242

STATE OF KANSAS,
*Appellee*,

v.

JASON TUCKER,
*Appellant*.

SYLLABUS BY THE COURT

A district court abused its discretion by ordering an indigent criminal defendant sentenced to life in prison without the possibility of parole to pay restitution even while recognizing the restitution would not be paid. The defendant met the burden of establishing that the restitution plan was unworkable.

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed June 12, 2020. Reversed.

*Meryl Carver-Allmond*, of Capital Appellate Defender Office, was on the briefs for appellant.

*Candice Alcaraz,* assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, C.J.: The district court, after sentencing Jason Tucker to prison for life without parole, ordered him to pay $5,000 in restitution but did not explicitly order

1

payments from prison. At the beginning of the case, the district court had found that Tucker was indigent and, at sentencing, acknowledged the restitution "will never be paid." Under those circumstances, we hold the district court abused its discretion by ordering restitution.

## FACTUAL AND PROCEDURAL BACKGROUND

Tucker was charged with capital murder, attempted capital murder, aggravated burglary, and violation of a protective order. Tucker completed an affidavit stating he had been unemployed and made an average of $14 per month. He claimed indigency and asked for appointed counsel. The district court granted Tucker's motion.

Tucker eventually entered a plea of guilty to one count of capital murder in exchange for the State agreeing not to seek the death penalty and to dismiss the remaining charges. Tucker stipulated to forcing his way into a residence, after which he shot and killed Jeremy Rocha, Bernadette Gosserand, and Vincent Rocha. He also shot Bryan Balza in the back. Balza, who had a protection from abuse order against Tucker, survived and identified Tucker as the shooter. The agreed sentence was to be life without possibility of parole.

At sentencing, the State requested restitution of $5,000 for funeral expenses for one of the victims and $13,587.85 for medical expenses for Balza. Tucker's counsel argued the restitution plan was unworkable because Tucker would spend the rest of his life in prison.

The district court judge, who was the same judge as found Tucker indigent, sentenced Tucker to life without parole for capital murder; assessed court costs and a

$200 DNA fee; and ordered $5,000 in restitution. During sentencing, the court said, "[a]nd I understand with the restitution of 5,000 that it will never be paid."

ANALYSIS

The sole issue on appeal is whether the district court abused its discretion in ordering restitution.

*Standard of Review*

We review an order of restitution—both as to its amount and as to whether its payment is workable—for an abuse of discretion. If there is a question about the meaning of the restitution statute, we exercise unlimited review. *State v. Meeks*, 307 Kan. 813, 816, 415 P.3d 400 (2018).

*Discussion*

The restitution statute provides:

"In addition to or in lieu of any of the above, the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable. . . . If the court finds a plan of restitution unworkable, the court shall state on the record in detail the reasons therefor." K.S.A. 2015 Supp. 21-6604(b)(1).

As noted in *Meeks*, restitution is the rule, and unworkability is the exception. 307 Kan. at 816-17 (quoting *State v. Goeller*, 276 Kan. 578, 583, 77 P.3d 1272 [2003]);

3

see *State v. Shank*, 304 Kan. 89, 94, 369 P.3d 322 (2016); *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 (2015). K.S.A. 2015 Supp. 21-6604(b)(1) does not define "unworkable," leaving courts to determine unworkability case-by-case. *Meeks*, 307 Kan. at 819-20. The defendant must present evidence of his or her inability to pay in order to sustain his or her burden of establishing unworkability. 307 Kan. at 820. Simply pointing to a long prison sentence will generally not suffice. *State v. Holt*, 305 Kan. 839, 843-44, 390 P.3d 1 (2017); *Alcala*, 301 Kan. at 840.

The State argues we should hold that Tucker failed to meet his burden and affirm the district court as we did in *Holt*, *Alcala*, and *Shank*. Tucker persuasively argues we should distinguish his case from all of those.

Unlike Tucker, neither William D. Holt II, Manuel C. Alcala, nor William Andrew Shank was in prison for life without parole. A district court sentenced Alcala to a hard 25 sentence, meaning his sentence included the *possibility* for parole. *Alcala*, 301 Kan. at 833. Holt had a longer sentence; the district court sentenced him to a hard 25 for first-degree murder and a consecutive 165-month sentence for attempted first-degree murder (almost 39 years). *Holt*, 305 Kan. at 840-41. And a court sentenced Shank to consecutive sentences of a hard 25, 59 months, and 32 months (nearly 33 years total). *Shank*, 304 Kan. at 90. Although Holt and Shank had longer sentences than Alcala, the district courts still knew the *possibility* of parole existed. And Alcala, Holt, and Shank could pay restitution upon their release from their long prison sentences. But Tucker faces no such possibility; he will spend his life in prison.

What's more, neither Holt, Alcala, nor Shank provided evidence of their inability to pay if paroled or released. As a result, we held these defendants failed to establish the unworkability of their respective orders of restitution. *Holt*, 305 Kan. at 843-44; *Shank*,

4

304 Kan. at 95-96; *Alcala*, 301 Kan. at 840. In contrast, Tucker's appointed counsel argued at sentencing that any restitution order would be unworkable because "[t]he agreed-upon sentence was for Mr. Tucker to serve life without the possibility of parole . . . [and he would] never be in a position to repay these amounts."

The State turns the focus from payments after prison to payments made while the defendant remains in prison, arguing Tucker failed to show he could not repay the restitution while incarcerated. The State's argument falters because, as we recently reiterated: "When a defendant is incarcerated, restitution is due upon sentencing only if the court orders a certain amount of money be withheld from the defendant's monthly prison account." *State v. Gentry*, 310 Kan. 715, 738, 449 P.3d 429 (2019) (citing *State v. Alderson*, 299 Kan. 148, 151, 322 P.3d 364 [2014]). The district court did not enter an explicit order here. There have been changes to the restitution statute since *Alderson*. But the State does not argue those changes require us to abandon the requirement.

The State also makes an emotional appeal about the injustice of Tucker living while his victims do not. The State fails to explain how this argument relates to whether the restitution is workable, nor does the State cite any authority. As Tucker points out: "The statute does not provide an escape valve unless the crime at issue was really, really bad; it provides an escape valve where a plan of restitution is unworkable."

In sum, restitution is the rule, and unworkability is the exception. The burden is on a defendant to present some evidence of compelling circumstances to prove the restitution is unworkable. Tucker's evidence, while not voluminous, met his burden: He would be in prison for life and thus would not have the possibility of making payments upon release. And the district court did not state its intent for Tucker to make restitution payments while incarcerated. Finally, in this case the district court commented,

5

"I understand with the restitution of [$]5,000 that it will never be paid." Under these circumstances, we hold the district court abused its discretion by imposing an unworkable order of restitution.

The order of restitution is reversed.

HENRY W. GREEN JR., J., assigned.[1]

STEVE LEBEN, J., assigned.[2]

---

[1]**REPORTER'S NOTE:** Judge Green, of the Kansas Court of Appeals, was appointed to hear case No. 119,242 under the authority vested in the Supreme Court by K.S.A. 2019 Supp. 20-3002(c) to fill the vacancy on the court by the retirement of Justice Lee A. Johnson.

[2]**REPORTER'S NOTE:** Judge Leben, of the Kansas Court of Appeals, was appointed to hear case No. 119,242 under the authority vested in the Supreme Court by K.S.A. 2019 Supp. 20-3002(c) to fill the vacancy on the court by the retirement of Chief Justice Lawton R. Nuss.