NOT DESIGNATED FOR PUBLICATION

No. 123,005

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDROY D. TAYLOR JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; JASON GEIER, judge. Opinion filed August 27, 2021.
Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: The law directs that a district court shall order a defendant to pay restitution unless the court finds that a plan of restitution is unworkable. See K.S.A. 2019 Supp. 21-66404(b)(1). The court here ordered Edroy D. Taylor Jr. to pay $15 per month as restitution while he is serving his 100-month prison sentence.

Taylor appeals that order, arguing the district court's plan is unworkable. Because the Supreme Court has directed that it is up to the defendant to prove that he is unable to

1

pay—not the court's duty to show that the defendant can pay—we hold that Taylor has failed to meet that burden of proof. Thus, we affirm.

*Taylor is ordered to pay restitution as part of his sentence.*

Taylor pled guilty to aggravated burglary of a vehicle, a felony. At the June 10, 2020 sentencing, the district court imposed a 100-month prison sentence. The court ordered 24 months' postrelease supervision. It also ordered him to pay $1,954.36 restitution. Taylor did not object to the restitution amount.

After determining the amount of restitution, the court looked into how it was to be paid. The judge asked Taylor several questions about his financial situation and his ability to pay. Following this inquiry, the court determined Taylor has minor children for whom he is "financially responsible," and Taylor does not have "substantial assets."

The court then asked defense counsel for any recommendations about Taylor's restitution payment plan. Counsel responded:

> "Judge, all I know is he doesn't have any money. I'm sure when he gets out if he gets a job if he can find a job, it will take some time. That seems totally unworkable at this point."

The State suggested that he should pay $19.54 per month during his 100-month sentence which would complete his restitution payment within his prison term. After the State's suggestion, the district court asked defense counsel if she wanted to add anything else, to which she responded, "No." The district court then ordered restitution payable "based upon the length of incarceration" at $15 per month beginning the next month— July 2020—with a willingness to "readdress" it in the future if needed.

Taylor later moved to amend the restitution payment plan, contending the plan was unworkable and asked that the payment start upon his release from prison. In the motion to amend, Taylor cited both his lack of assets ("no cash, checking or savings account, no home, and no vehicle") and his 100-month imprisonment.

The State responded that Taylor could work while in prison, to which Taylor did not reply. Before the district court ruled on the motion to amend, Taylor timely appealed the restitution order to this court.

The court denied Taylor's motion to amend the plan. It found "no evidence that the Defendant could not make payments going forward," and "no evidence that the Defendant would not be able to make limited income while incarcerated." The district court also stated that "no objection was lodged" when the court first determined the restitution plan.

The court stated it considered Taylor's indigency, incarceration, and ability to earn income when fashioning "a plan that takes into account both the circumstances of the Defendant, as well as the right of the victim to be made whole." In conclusion, the court found the payment plan "workable given the Defendant's circumstances."

*Some observations about the law of restitution in criminal cases.*

The Legislature is serious about criminal defendants paying for their crimes. K.S.A. 2019 Supp. 21-6604(b)(1) states in part:

> "[T]he court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime. Restitution shall be due immediately unless: (A) The court orders that the defendant be given a specified time to

3

pay or be allowed to pay in specified installments; or (B) the court finds compelling circumstances that would render restitution unworkable, either in whole or in part."

Note the statute states the restitution is due immediately unless the court rules otherwise as the circumstances may dictate. Caselaw has picked up on the Legislature's command.

The cases all make one point about restitution. Restitution is part of the sentence and is the rule, while a finding that restitution is unworkable is the exception to the rule. *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 (2015). Unworkability, left undefined in the statute, must not be evaluated rigidly or comparatively but considering each defendant's unique circumstances, case-by-case. *State v. Meeks*, 307 Kan. 813, 819-20, 415 P.3d 400 (2018). "Some of the factors relevant to the court's inquiry will be the defendant's income, present and future earning capacity, living expenses, debts and financial obligations and dependents." 307 Kan. at 820. The plan should also be made with regard for restitution's ultimate goals: "compensation of the victim and deterrence and rehabilitation of the guilty." 307 Kan. at 820.

If we apply these rules to this case, we see that Taylor is legally required to pay restitution unless the plan to pay is unworkable. The district court's order fixing the amount of restitution and ordering its payment is legally required. The burden to show that restitution is not workable is upon Taylor. The burden is on a defendant to present some evidence of compelling circumstances to prove the restitution is unworkable. *State v. Tucker*, 311 Kan. 565, 568, 465 P.3d 173 (2020). Thus, we review the record on appeal to see if the court followed the law when it ordered restitution and then discover what evidence supports Taylor's contention that restitution is unworkable here.

4

*Poverty*

First, Taylor contends the restitution plan imposed by the district court is unworkable based on his present poverty—his lack of assets. He argues that the district court's finding that he could start paying while in prison was an abuse of discretion based on an error of fact.

The district court required Taylor to make restitution payments of $15 per month starting the month after sentencing (July 2020). To make these payments, Taylor must draw upon his present assets or wages earned during incarceration. Because Taylor must begin paying restitution immediately, his present poverty is a relevant point for the court to consider.

The court evaluated Taylor's unique circumstances. It first weighed Taylor's financial situation when it formulated the restitution repayment plan, and then again when it addressed Taylor's motion to amend. In the sentencing hearing, before determining the restitution repayment plan, the district court asked Taylor about his assets, financial obligations, and dependents. And upon reviewing and denying Taylor's motion to amend, the district court again stated that it had considered Taylor's indigency, incarceration, and ability to earn an income.

Although the district court never explained from what assets or income it expected Taylor to make such payments, its decision to reduce the amount from the State's recommended $19.54 to $15 per month also indicates the court weighed Taylor's poverty in formulating its plan. The court recognized Taylor's indigent situation.

The court also considered the ultimate goals of restitution in reviewing Taylor's plan. In its denial of Taylor's motion to amend, the court referred to the two goals of

restitution:  to compensate or make whole the victim while also looking to the defendant's circumstances, deterrence, and rehabilitation. See *Meeks*, 307 Kan. at 820.

Thus, we hold the court explicitly formed Taylor's repayment plan in alignment with the goals of restitution law. The plan corresponds with both goals. Restitution payments during incarceration, rather than beginning upon release, allow compensation to the victim to begin right away. Additionally, such an immediate payment plan encourages deterrence and rehabilitation; it motivates a defendant to work while incarcerated and paves a smoother postrelease path for the defendant with fewer financial obstacles to overcome.

We recognize that this restitution plan may falter. But no plan of restitution payment, except for cash in the hands of the defendant, is foolproof. If the defendant has no assets, the victim is not being compensated immediately. Similarly, if the defendant has no option to work while incarcerated, he is neither motivated nor relieved of obstacles postrelease. Even with these shortcomings, we find the court's plan sought to align with the goals of restitution.

The workability of the district court's plan must be evaluated for an abuse of discretion. *State v. Holt*, 305 Kan. 839, 842, 390 P.3d 1 (2017). Such abuse exists if no reasonable person could agree with the plan's workability, or if the plan depends on an error of law or fact. Given that the district court had repeatedly considered Taylor's poverty, the plan is not based on an error of fact about Taylor's indigent circumstances. And since the court tried to align Taylor's repayment plan with the goals of restitution, the plan is also not one with which no reasonable person could agree. Thus, the district court did not abuse its discretion by making this restitution plan.

*What evidence of unworkability did Taylor present?*

Here is where Taylor's appeal fails. His evidence consisted of

- responses to the court's questions when he was not sworn as a witness;

- references to his prison sentence as prohibiting his ability to pay.

Given the burden on the defendant outlined in *Holt* above, this presentation of evidence is insufficient and thus Taylor's restitution plan cannot be found unworkable even if one of the above circumstances were found to be compelling.

We must point out that this record shows us responses to a judge's questions and no real evidence. The Supreme Court in *Holt* held that because the defendant was not sworn as a witness, his so-called testimony about his financial situation "was merely an affirmative response to the court's questioning." 305 Kan. at 844. With the dearth of evidence presented here, we hold that Taylor has not met his burden to show that the restitution plan is unworkable.

Affirmed.