NOT DESIGNATED FOR PUBLICATION

No. 121,013

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COLTON ALLEN MOTT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed September 30, 2022. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Anna M. Jumpponen*, special assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BRUNS and HURST, JJ.

PER CURIAM: Colton Allen Mott appeals from the district court's order requiring him to pay restitution following his conviction of one count of aggravated battery. Specifically, Mott contends that the district court's restitution order is unworkable. In addition, he contends that the Kansas restitution statutes violate section 5 of the Kansas Constitution Bill of Rights as well as the Sixth Amendment to the United States Constitution. Because Mott did not meet his burden to prove that the repayment plan is unworkable, we conclude that the district court did not abuse its discretion. We also conclude that the district court's restitution order is constitutional. Thus, we affirm.

1

On October 11, 2016, the State filed a complaint charging Mott with one count of severity level 7 aggravated battery. At the preliminary hearing, the victim testified that on September 21, 2016, Mott struck him in the face with brass knuckles and then kicked him in the mouth. As a result, the victim suffered a broken orbital bone, a broken jaw, multiple cracked teeth, and nerve damage. The victim underwent several surgeries for tooth extractions and still needs additional surgeries to screw implants into his jaw.

Following the preliminary hearing, the State filed an amended complaint charging Mott with one count of severity level 4 aggravated battery. Subsequently, Mott pled no contest to a reduced and amended charge of severity level 8 aggravated battery. After the plea hearing, the State provided notice that it was seeking restitution to cover the medical expenses incurred by the victim. In response, Mott filed an objection, arguing that the State's proposed restitution order would be unworkable.

At the sentencing hearing, the district court considered the issue of restitution. Mott did not contest the amount of restitution but argued that the imposition of a judgment in the amount requested by the State would result in an unworkable payment plan. In support of his claim that the restitution payment plan was unworkable, Mott testified under oath regarding his financial circumstances.

According to Mott, he works at the Exide plant in Salina and works between 36 and 48 hours per week at $16.25 per hour. He testified that he is paid overtime for all hours he works over 40 hours per week. Mott admitted that he has opportunities to work overtime on occasion.

Mott also testified that his monthly expenses include rent in the amount of $600, utilities in the amount of $110, a motorcycle payment of $130, and approximately $200

for clothing and food. In addition, Mott testified that he had been ordered to pay court fines in an unrelated case with an outstanding balance of $400 and that a garnishment order had been entered against him which takes approximately 25% of his wages each month. At the time of the hearing, the outstanding balance owed on the judgment was $5,700. Mott further testified that he has a medical debt of probably over $10,000, but he did not provide any information as to what he is paying towards the debt—if anything— on a monthly basis.

Mott testified that he has a high school education. He lives by himself in a one-bedroom apartment and does not have children. Mott indicated that he previously worked in sales and customer service. Additionally, he claimed his only asset is a 2009 Harley Davidson that he purchased for $4,500. However, Mott testified he is not currently driving the motorcycle. Mott agreed that he is able-bodied, and there is nothing preventing him from working full time or obtaining additional hours.

Mott agreed that the victim incurred approximately $24,000 in medical expenses that resulted from his actions. He also agreed that he should be responsible for at least a portion of those expenses. Further, Mott testified that he would be willing to work with his probation officer to establish a reasonable payment plan. In addition, Mott testified that he would be willing to have his probation extended or transferred to an unsupervised probation to monitor payments if needed to satisfy his restitution obligation.

After hearing the testimony and argument of counsel, the district court determined that Mott had not shown that the amount of restitution requested or any corresponding payment plan to be unworkable. The district court noted that Mott is able to work full time, and there was nothing preventing him from working a second job if necessary. The district court found that Mott could pay the sum of $416 per month and eliminate the restitution obligation within 5 years, or he could pay it off more quickly if he paid an additional amount each month as his other debts were satisfied. The district court also

found that Mott could make additional progress by eliminating certain expenditures—such as selling his motorcycle, canceling internet service, and working extra hours.

The district court determined that Mott's monthly income was approximately $2,535 even without overtime or a second job. The district court also found "nothing exceptional" about Mott's income and that he had not shown circumstances that would make the plan unworkable. The district court concluded that Mott should pay the sum of $416 a month for a period of 5 years to satisfy his restitution obligation. Moreover, the district court denied the State's request for an additional $175.70 for certain expenditures associated with the prosecution considering the amount of restitution imposed.

Based on these findings, the district court ordered Mott to pay restitution in the amount of $24,880.10. After imposing restitution, the district court placed Mott on a presumptive 18-month term of probation with an underlying 8-month prison sentence. Moreover, the monthly restitution payments of $416 were required as a condition of probation.

Thereafter, Mott filed a timely notice of appeal.

ANALYSIS

*Workability of Restitution Plan*

On appeal, Mott first contends that the district court abused its discretion by imposing an unworkable restitution plan. Mott does not deny that the victim incurred medical expenses caused by his criminal act in the amount ordered by the district court. Instead, he asks us to find that the repayment plan established by the district court is unworkable, to vacate the district court's restitution plan, and to remand this matter for the entry of a new restitution plan based on the payment of a reduced amount.

Our review of whether a district court's order of restitution is workable is limited to an abuse of discretion. *State v. Tucker*, 311 Kan. 565, 566, 465 P.3d 173 (2020). A district court abuses its discretion only when its decision is: (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). The party asserting the district court abused its discretion—in this case Mott—bears the burden of showing such abuse of discretion. *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021); *State v. Meeks*, 307 Kan. 813, 816, 415 P.3d 400 (2018). Finally, we exercise unlimited review of legal questions involving the interpretation of the underlying statutes. *State v. Martin*, 308 Kan. 1343, 1350, 429 P.3d 896 (2018).

The restitution statute—K.S.A. 2021 Supp. 21-6604(b)(1)—provides, in part:

"[T]he court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime. Restitution shall be due immediately unless: (A) The court orders that the defendant be given a specified time to pay or be allowed to pay in specified installments; or (B) the court finds compelling circumstances that would render restitution unworkable, either in whole or in part. . . . If the court finds restitution unworkable, either in whole or in part, the court shall state on the record in detail the reasons therefor."

Similarly, K.S.A. 2021 Supp. 21-6607(c)(2) provides:

"(c) In addition to any other conditions of probation, suspension of sentence or assignment to a community correctional services program, *the court shall order* the defendant to comply with each of the following conditions:

. . . .

(2) make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime in accordance with K.S.A. 2021 Supp. 21-6604(b)." (Emphasis added.)

5

In other words, district courts must order defendants who are convicted of a crime to pay restitution unless a defendant can show compelling circumstances to render the restitution unworkable. K.S.A. 2021 Supp. 21-6604(b)(1)(B); *State v. Holt*, 305 Kan. 839, 842, 390 P.3d 1 (2017). So, the validity of an order of restitution is the general rule, and a finding that restitution is unworkable is the exception. *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 (2015). Because the Kansas Legislature did not intend a rigid definition of "unworkable," we evaluate restitution plans established by the district court on a case-by-case basis. *Meeks*, 307 Kan. at 819-20.

In *Meeks*, our Supreme Court found that the workability of a restitution plan should be decided on a case-by-case basis looking to each defendant's unique circumstances. Some of the relevant factors to be used in making the determination of whether a plan is workable or unworkable include the defendant's income, present and future earning capacity, living expenses, financial obligations, and dependents. In addition, the amount of time it will take the defendant to repay the restitution may be a relevant consideration as well as whether the probation will continue until the restitution balance is paid in full. 307 Kan. at 820. It is important to remember that the ultimate goal of restitution is to compensate the victim along with "deterrence and rehabilitation of the guilty." 307 Kan at 820.

In *State v. Herron*, 50 Kan. App. 2d 1058, 1064-65, 335 P.3d 1211 (2014), a panel of this court held that the district court abused its discretion by failing to consider the defendant's extreme poverty when ordering restitution. 50 Kan. App. 2d at 1064. In finding the order to be unworkable, the panel found that if the defendant "paid the $10 per month the State suggested, she would be making payments for 57 years—an inordinately long time compared to her 18-month probation." 50 Kan. App. 2d at 1065. In contrast, the restitution plan ordered by the district court in the present case would take only five years for Mott to repay.

In his brief, Mott merely reasserts the argument that he previously made to the district court. Although he argues that restitution payments of $416 a month are unreasonable, he has not shown that his income is insufficient to meet his financial obligations. Likewise, he does not dispute the district court's finding that he can work additional hours at his present job and/or finding a second job to earn additional income. Mott also does not challenge the district court's finding that he could sell his motorcycle—which he indicated he is not riding—to help pay his restitution obligation.

Our review of the record confirms that the district court appropriately considered the factors set forth in *Meeks* when considering whether Mott had met his burden to establish that the restitution plan is unworkable. Unlike *Herron*, the district court did not disregard Mott's personal circumstances in making its decision. Rather, the record reveals that the district court considered Mott's monthly income, his potential for earning additional income, his monthly financial obligations, his assets, and his lack of dependents before imposing restitution. Only after considering this evidence did the district court explicitly reject Mott's claim that the plan was unworkable.

Under the plan ordered by the district court, Mott should be able to fulfill his restitution obligation within five years if not before. As such, we find that the district court did not abuse its discretion in ordering restitution in this case. Although we acknowledge that a monthly payment of $416 is a significant portion of Mott's monthly income, it is not unreasonable based on the significant damage he caused by hitting the victim in the face with brass knuckles and kicking him. Thus, we conclude that Mott has failed to meet his burden to establish that the district court abused its discretion, and we affirm the district court's restitution order.

*Constitutionality of Criminal Restitution Statutes*

Next, Mott contends that Kansas' restitution statutes violate section 5 of the Kansas Constitution Bill of Rights because they deny him the right to have a jury determine the amount of damages caused by his crime. He also contends that the restitution statutes violate his Sixth Amendment right to a jury trial because the provisions allow the district court to make findings of fact that increased the penalty for his crime beyond the statutory maximum. See *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

At the outset, we note that Mott did not argue that the order of restitution was unconstitutional to the district court. Generally, constitutional grounds for reversal asserted for the first time on appeal are not properly before us for review. *State v. Pearce*, 314 Kan. 475, 484, 500 P.3d 528 (2021). Kansas Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 35) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019).

We recognize that there are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including:  (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the district court was right for the wrong reason. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). Although we are not required to do so, we will briefly address Mott's constitutional argument on the merits—or lack thereof—because it involves a question of law that has been resolved by the Kansas Supreme Court.

As the parties are aware, the Kansas Supreme Court addressed the issue of the constitutionality of the Kansas restitution statutes in *State v. Robison*, 314 Kan. 245, 496 P.3d 892 (2021), *cert. denied* 142 S. Ct. 2868 (2022), and *State v. Arnett*, 314 Kan. 183, 496 P.3d 928 (2021), *cert. denied* 142 S. Ct. 2868 (2022). First, our Supreme Court held that the criminal restitution statutes do not trigger Sixth Amendment protections as contemplated by *Apprendi*. See *Robison*, 314 Kan. at 250; *Arnett*, 314 Kan. at 188. Moreover, even though our Supreme Court found that the criminal restitution statutes do violate section 5 of the Kansas Constitution Bill of Rights to the extent that they allow conversion of restitution orders into civil judgments, it chose to simply sever the offending provisions of the statutory scheme. 314 Kan. at 189-94.

With the severance of the unconstitutional provisions, an order of restitution in a criminal case stands as constitutionally valid. 314 Kan. at 194-96; see *State v. Owens*, 314 Kan. 210, 242-44, 496 P.3d 902 (2021). Of course, we are duty-bound to follow the precedent established by the Kansas Supreme Court unless there is some indication that it is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). We find no such indication here.

In conclusion, we find that Mott failed to establish that the district court abused its discretion entering the restitution plan in this case. Furthermore, we find that Mott's arguments regarding the constitutionality of the Kansas restitution statutes fail on the merits in light of the current status of Kansas law. Consequently, we affirm the district court's restitution order.

Affirmed.