No. 120,377

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAYLOR R. ROBERTS,
*Appellant*.

SYLLABUS BY THE COURT

K.S.A. 2018 Supp. 21-6604(b)(2) refers to a "plan established by the court for payment of restitution." That language does not merely refer to a court's order of an amount of restitution but shows legislative intent that the court establish a payment plan when it orders restitution.

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed February 21, 2020. Vacated and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and GARDNER, JJ.

GARDNER, J.:  In May 2018, Taylor R. Roberts pleaded guilty to eight counts of burglary and two counts of theft. The district court sentenced her to 42 months in prison, stayed the sentence, and then granted her 24 months of probation.

As part of her plea agreement, Roberts agreed to pay restitution. After a restitution hearing, the district court ordered Roberts to pay $50,407.86 in restitution, jointly and severally with her codefendant. The journal entry of Roberts' sentencing orders her to pay $50,407.86 to the district court, lists the recipients and amounts the district court shall then pay out, and orders Roberts jointly and severally liable for all restitution with her codefendant. One special condition of Roberts' probation is that she "pay restitution as directed." But the district court did not tell Roberts any manner of payment or establish a payment plan for that restitution.

Roberts timely appeals, claiming that the district court's failure to establish a payment plan for her restitution renders her sentence illegal. Based on the clear statutory language of K.S.A. 2018 Supp. 21-6604(b)(2), we agree and remand for correction of her sentence.

## DID THE DISTRICT COURT ILLEGALLY SENTENCE ROBERTS BY FAILING TO ESTABLISH A PAYMENT PLAN WHEN IT ORDERED RESTITUTION?

The sole issue on appeal is whether Roberts' sentence is illegal because the district court did not order a payment plan for her restitution. She interprets K.S.A. 2018 Supp. 21-6604(b) to require a district court set a payment plan when ordering restitution, rather than simply ordering a total restitution amount. She asks this court to vacate her restitution order and remand for resentencing. Because she asks us to interpret a sentencing statute and presents a question of law, our standard of review is unlimited. *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018).

*Analysis*

Under K.S.A. 2018 Supp. 22-3504(3), an illegal sentence includes a sentence that "does not conform to the applicable statutory provision, either in character or punishment." Roberts invokes this provision.

The touchstone of statutory interpretation is the intent of the Legislature as expressed in the statute. See *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). We must therefore first try to determine legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute not readily found in its words. 303 Kan. at 813. Additionally, when examining statutes to determine legislative intent, we must consider various provisions of an act *in pari materia* with a view of reconciling and bringing the provisions into workable harmony if possible. *State v. Keel*, 302 Kan. 560, Syl. ¶ 7, 357 P.3d 251 (2015).

Roberts argues her restitution order at sentencing was illegal because it did not conform to K.S.A. 2018 Supp. 21-6604(b)—the statute that governs a court's order of restitution. She contends the plain language of the statute requires the district court to establish a payment plan when it orders restitution:

> "(b)(1) In addition to or in lieu of any of the above, the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would *render a plan of restitution* unworkable. . . . If the court finds *a plan of restitution* unworkable, the court shall state on the record in detail the reasons therefor."

3

"(2) If the court orders restitution, the restitution shall be a judgment against the defendant which may be collected by the court by garnishment or other execution as on judgments in civil cases. If, after 60 days from the date restitution is ordered by the court, a defendant is found to be in noncompliance *with the plan established by the court for payment of restitution*, . . . the court shall assign an agent procured by the attorney general . . . to collect the restitution on behalf of the victim." K.S.A. 2018 Supp. 21-6604(b) (Emphases added.)

Roberts' argument is threefold. First, she emphasizes "plan of restitution" in K.S.A. 2018 Supp. 21-6604(b)(1). An order of restitution is not a plan of restitution. She argues that for a district court to evaluate whether a "plan of restitution" is unworkable, there must first be a plan to evaluate. Thus, instead of simply ordering a total restitution amount, the district court has to establish some payment plan with any restitution order. Because the district court failed to set a payment plan, its restitution order was illegal. This argument has some logical appeal.

But we find Roberts' second argument more persuasive. She focuses on the plain language of K.S.A. 2018 Supp. 21-6604(b)(2) which refers to "the plan established by the court for payment of restitution." That subsection applies only when a defendant, after 60 days from the date the court orders restitution, "is found to be in noncompliance with the plan established by the court for payment of restitution." So that subsection does not apply to Roberts, who is not alleged to be noncompliant. Yet we agree that the subsection's language clearly shows legislative intent that the court establish a plan for payment of restitution. The language of subsection (b)(2) ("the plan established by the court for payment of restitution") is distinctively different from the language the Legislature used in subsection (b)(1) ("a plan of restitution") (an "order . . . to pay restitution"). We presume that the Legislature intends a different meaning when it uses different language in the same connection within a statute. *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, Syl. ¶ 8, 834 P.2d 368 (1992). This language assumes that the

4

district court has established a plan "for payment of restitution" and looks for compliance within 60 days after the date the court orders restitution.

A court's order of an amount of restitution does not constitute a "plan established by the court for payment of restitution." For any payment plan of restitution to be effective, and for a court to determine noncompliance, as contemplated in K.S.A. 2018 Supp. 21-6604(b)(2), the court needs to establish a payment plan when it orders restitution. And defendants need to know at the time of sentencing what they need to do to comply with the restitution ordered as part of their sentence—is the full amount due immediately, is it payable in monthly installments, is it payable in kind, and so on.

Third, Roberts argues that K.S.A. 2018 Supp. 22-3717(n) supports her interpretation.

"If the court which sentenced an inmate specified at the time of sentencing the amount and the recipient of any restitution ordered as a condition of parole or postrelease supervision, the prisoner review board shall order as a condition of parole or postrelease supervision that the inmate pay restitution *in the amount and manner provided in the journal entry* unless the board finds compelling circumstances which would render a plan of restitution unworkable." (Emphasis added.) K.S.A. 2018 Supp. 22-3717(n).

Roberts focuses on the requirement that the Kansas Prisoner Review Board order payment of restitution "in the amount *and manner* provided in the journal entry." K.S.A. 2018 Supp. 22-3717(n) (Emphasis added.).

Unless a district court orders otherwise at sentencing, an imprisoned defendant begins to make restitution payments after being released from prison. *State v. Alderson*, 299 Kan. 148, 151, 322 P.3d 364 (2014). K.S.A. 2018 Supp. 22-3717(n) applies at that time. This statute grants the Kansas Prisoner Review Board discretion to decrease or eliminate the amount of restitution if it finds "compelling circumstances which would

5

render a plan of restitution unworkable." K.S.A. 2018 Supp. 22-3717(n); see also K.S.A. 2018 Supp. 22-3718 (board may set aside restitution as condition of release).

This statute does not apply here because the district court placed Roberts on probation and stayed her sentencing of imprisonment. Yet Roberts shows that the clear language of this statute refers not only to the amount of restitution but also to "the manner" for the inmate to pay restitution provided in the journal entry. Roberts suggests that "the manner" must be a payment plan. But "the manner" could merely refer to the requirement that the defendant pay "to the district court," as ordered in Roberts' journal entry. Nothing suggests that "the manner" necessarily refers to a "plan established by the court for payment of restitution," as does K.S.A. 2018 Supp. 21-6604(b)(2). We find little support for Roberts' position in K.S.A. 2018 Supp. 22-3717(n).

The State offers no other meaning for the statutory language Roberts relies on. In fact, it ignores the plain language of subsection (b)(2) which refers to "the plan established by the court for payment of restitution." Instead, it offers broader responses.

First, the State contends that had the Legislature intended for the court to establish a payment plan, it would have said so specifically, as it did in the Board of Indigents' Defense Services provision in K.S.A. 2018 Supp. 21-6604(i). That statute requires the court to order the defendant to reimburse the state general fund for expenditures by the Board of Indigents' Defense Services to provide counsel. It then specifies what the court must consider in determining the amount *and method* of payment: "In determining the amount and method of payment of such sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." K.S.A. 2018 Supp. 21-6604(i). The State then cites cases requiring specificity in relation to restitution, such as the requirement of a causal link between defendant's crimes and the victim's damages, citing *State v. Alcala*, 301 Kan. 832, 837, 348 P.3d 570 (2015);

6

and the requirement that the amount of restitution be shown by reliable evidence, citing *State v. Hall*, 297 Kan. 709, 713-14, 304 P.3d 677 (2013).

Perhaps the State's comparative approach could persuade us if were there no statutory language on point. But this approach fails to show us that the plain language the Legislature used in K.S.A. 2018 Supp. 21-6604(b) is insufficiently specific to show its intent that the court establish not only an order for an amount of restitution, but also a plan for "payment of restitution."

Second, the State relies on *State v. Garza*, No. 118,840, 2019 WL 1412444 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. __ (December 19, 2019). There, a panel of this court held that the plain language of K.S.A. 2018 Supp. 21-6604(b) requires a district court to order restitution but does not require the district court to establish a payment plan. It found that to require the district court order a payment plan would be "to read something into the statute that is not readily found in its words." 2019 WL 1412444, at *5. The State argues that like the defendant in *Garza*, Roberts focuses on the use of the term "plan" as a foundation for her claim.

But the State mischaracterizes Roberts' claim. Roberts does not focus on the phrase "plan of restitution" in subsection (b)(1), as the defendant in *Garza* apparently did, but on the phrase "the plan established by the court for payment of restitution" in subsection (b)(2). Garza fails to address that language. We are not persuaded by *Garza* for that reason.

Third, the State cites *State v. Herron*, 50 Kan. App. 2d 1058, 1061, 335 P.3d 1211 (2014) as support for its position that statutes show only the Legislature's intent to mandate the imposition of a restitution figure. But to the contrary, *Herron* makes Roberts' point, holding "[t]he district court erred here by adopting only a total restitution amount

7

while providing no plan—workable or otherwise—for paying it." 50 Kan. App. 2d at 1066.

Fourth, the State argues that requiring a payment plan for restitution would depart from the law that the defendant has the burden to show evidence of his or her inability to pay. But we do not agree that our holding shifts any burden from a defendant. The district court finds a total amount of restitution, establishes a payment plan, tells defendant of that plan, and then the defendant must show "compelling circumstances" that render the plan unworkable. See *State v. Meeks*, 307 Kan. 813, 816, 415 P.3d 400 (2018); *State v. King*, 288 Kan. 333, 356-57, 204 P.3d 585 (2009).

Fifth, the State notes that for those sentenced to prison, it is the Kansas Prisoner Review Board, and not the sentencing courts, that set conditions of parole such as restitution. See *Alderson*, 299 Kan. at 151. The State suggests that a payment plan established by the court would intrude on that procedure and may be unenforceable. But this poses no issue here, as Roberts is not imprisoned. Even were Roberts imprisoned, however, the statutory scheme allows restitution *in addition to* other sentencing terms. See K.S.A. 2018 Supp. 21-6604(b)(1). So a court can have the Kansas Department of Corrections collect restitution from the defendant's prison account while a defendant is incarcerated, if its sentencing order is unambiguous. See *Alderson*, 299 Kan. at 151 ("If the district court intended that Alderson be subject to the collection of restitution while he is incarcerated, it was required to declare that intention unambiguously.").

True, when a defendant is released from prison, it is the role of the Kansas Prisoner Review Board, not the courts, to set conditions of parole. Yet "[i]f the court commits the defendant to the custody of the secretary of corrections or to jail, the court may specify in its order the amount of restitution to be paid and the person to whom it shall be paid if restitution is later ordered as a condition of parole, conditional release or postrelease supervision." K.S.A. 2018 Supp. 21-6604(e). In that event, a restitution

8

judgment may serve as "an advisory calculation of damages for the benefit of the Kansas Prisoner Review Board." *Alderson*, 299 Kan. at 151. Cf. *Meeks*, 307 Kan. at 819 (finding if restitution is ordered as a condition of postrelease supervision, as opposed to probation, a restitution plan is "subject to change by the prisoner review board after the defendant's release from incarceration."). We find no greater intrusion if the district court also establishes plan for payment of restitution, as subsection (b)(2) contemplates.

Sixth, the State relies on the rule that courts should construe statutes to avoid unreasonable results. *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014). It then suggests that requiring district courts to establish a payment plan for restitution is necessarily unreasonable:

> "Saddling sentencing courts with the obligation to craft a detailed restitution plan, sometimes years in advance, in the absence of factors that would clarify a defendant's financial resources, employability, and competing financial obligations, is unreasonable."

But when, as here, no ambiguity appears in the statutory language, a court does not resort to statutory construction. "Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history or other background considerations to construe the legislature's intent." *Keel*, 302 Kan. 560, Syl. ¶ 6. So the rule of construction the State relies on does not apply.

And despite the alleged unreasonableness, cases reflect that some district courts already establish payment plans for restitution. See, e.g., *State v. Hambright*, 53 Kan. App. 2d 355, 366-67, 388 P.3d 613 (2017) (district court ordered defendant to pay $60,000 in restitution at a rate of $500 per month), *rev'd on other grounds* 310 Kan. 408, 447 P.3d 972 (2019); *State v. Martin*, No. 115,651, 2017 WL 2713042, at *2 (Kan. App. 2017) (district court ordered defendant to pay $10,800 in restitution at a rate of $300 per month), *rev'd and remanded* 308 Kan. 1343, 429 P.3d 896 (2018); *State v. Orcutt*, No.

101,395, 2010 WL 348281, at *5-6 (Kan. App. 2010) (unpublished opinion) (district court ordered defendant to pay $7,500 in restitution at a rate of $625 per month).

We are nonetheless sympathetic to the practical challenges inherent in our finding that the district court must establish a plan for the payment of restitution, as K.S.A. 2018 Supp. 21-6604(b)(2) requires. But a payment plan may be as simple as ordering a defendant to make the full restitution payment immediately or ordering monthly installments, as did the cases above. See also *United States v. Martinez*, 812 F.3d 1200, 1203 (10th Cir. 2015) (ordering restitution in monthly installments of 25% of defendant's net disposable income).

And establishing a payment plan would necessarily be simple because that plan, like the amount of restitution, would be done without consideration of a defendant's ability to pay. The Kansas Supreme Court recently recognized that Kansas is among the minority of states that do not consider a defendant's ability to pay before setting a restitution amount:

> "The Model Sentencing and Corrections Act includes a model restitution statute that directs a court to consider 'the financial resources and future ability of the offender to pay or perform' when ordering restitution. Model Sentencing and Corrections Act § 3-601, 10 U.L.A. 443 (2001). In a majority of states, courts follow such a model, considering a defendant's circumstances and his or her ability to pay before setting a restitution amount." *Meeks*, 307 Kan. at 820 (citing statutes).

Yet in *Meeks*, the Kansas Supreme Court found Kansas' method of figuring restitution without considering a defendant's ability to pay, then considering such evidence if the defendant challenges the plan as unworkable, "consistent with" the methods used across the country. 307 Kan. at 820.

10

"[U]nworkability should be evaluated on a case-by-case basis. As we stated in *Goeller*, a defendant who argues that restitution is unworkable must come forward with evidence of his or her inability to pay. [Citation omitted.] District courts should use this flexible guideline to evaluate each defendant's unique circumstances before deciding whether the defendant has shown a plan would be unworkable. Some of the factors relevant to the court's inquiry will be the defendant's income, present and future earning capacity, living expenses, debts and financial obligations, and dependents. In some circumstances, the amount of time it will take a defendant to pay off a restitution order will also be relevant, especially if the defendant is subject to probation until the restitution is paid in full. In all circumstances, the district court should keep in mind the ultimate goals of restitution: compensation to the victim and deterrence and rehabilitation of the guilty. See *State v. Hunziker*, 274 Kan. 655, Syl. ¶ 4, 56 P.3d 202 (2002)." 307 Kan. at 820.

We do not agree that requiring the district court to order a total amount of restitution, to establish a payment plan for that restitution, to tell the defendant of that payment plan, and then permitting a defendant to show the plan is unworkable is necessarily unreasonable. But if so, it is to the Legislature, and not this court, that the State must direct its concern. "[C]ourts 'are not free to act on . . . [their own] view of wise public policy' in matters governed by legislation. Courts should instead 'leave the guidance of public policy through statutes to the legislature.' [Citations omitted.]" *In re Marriage of Hall*, 295 Kan. 776, 784, 286 P.3d 210 (2012).

The language of K.S.A. 2018 Supp. 21-6604(b)(2) is direct and unambiguous—the court must establish a plan "for payment of restitution" ("If . . . a defendant is found to be in noncompliance *with the plan established by the court for payment of restitution* . . . ." [Emphasis added.]). Restitution is part of a sentence. *State v. Johnson*, 309 Kan. 992, 996, 441 P.3d 1036 (2019). Orders of restitution and payment plans should be clear so defendants subject to them know what is expected of them. Having the court establish a plan "for payment of restitution" and informing defendants of that plan will help defendants understand what the court expects of them. "If the defendant is ordered to pay

11

full or partial restitution, the period [of probation] may be continued as long as the amount of restitution ordered has not been paid." K.S.A. 2018 Supp. 21-6608(c)(7). And the district court need not hold a hearing before extending probation for nonpayment of restitution. *State v. Gordon*, 275 Kan. 393, 402-07, 66 P.3d 903 (2003) (concluding that a court could extend probation for unpaid restitution without a hearing).

We note that the statutory language of K.S.A. 2018 Supp. 21-6604(b) imposes upon "the court" the responsibility for making a plan for the payment of restitution. It leaves no room for delegation of that responsibility to another, such as a probation officer. In similar contexts, we have found error when a sentencing judge has tried to delegate its statutory authority to another. See, e.g., *Van Ross v. State*, No. 105,031, 2011 WL 4906846 (Kan. App. 2011) (unpublished opinion) (finding reversible error when at sentencing district court did not assess specific attorney fees against defendant to repay the State for his court-appointed counsel, as K.S.A. 21-4603d(i) required, but instead tried to delegate its authority to assess the amount and manner of payment of attorney fees to Kansas Department of Corrections); *State v. Lindsay*, No. 103,764, 2011 WL 1377007 (Kan. App. 2011) (unpublished opinion) (finding improper delegation of court's authority to determine the sentence when the judge directed prosecutor to put the "maximum" number for length of probation in journal entry); Cf. *United States v. Prouty*, 303 F.3d 1249, 1254-55 (11th Cir. 2002) (holding that 18 U.S.C. § 3664 requires district courts to set the schedule for restitution payments so courts cannot delegate this authority to probation officers).

We vacate Roberts' restitution order and remand the case to the district court to correct her sentence by establishing a plan for payment of restitution.

12