NOT DESIGNATED FOR PUBLICATION

Nos. 122,410
122,411

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TOMMIE LEE BARRETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed September 24, 2021. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., POWELL and HURST, JJ.

POWELL, J.: Without having raised these issues before the district court, Tommie Lee Barrett appeals both the order of restitution and the aggravated sentence he received in two consolidated cases. Barrett contests the restitution order because he was not given a restitution payment plan and claims, therefore, that the order constitutes an illegal sentence. Barrett also argues the district court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution by imposing an aggravated sentence without requiring the State to prove his criminal history to a jury beyond a

reasonable doubt. For reasons more fully explained below, we reject Barrett's claims and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

For acts he committed in June 2019, the State charged Barrett in two cases. In the first, Barrett was charged with two counts of burglary, two counts of theft, one count of aggravated burglary, and one count of criminal possession of a weapon by a felon. In the second case, Barrett was charged with one count of possession of methamphetamine and one count of possession of stolen property. Pursuant to a plea agreement encompassing both cases, Barrett pled guilty to aggravated burglary in the first case and theft in the second; he also agreed to pay restitution as requested by the victims. In exchange, the State agreed to dismiss the remaining counts in both cases.

At sentencing in November 2019, the district court denied Barrett's motion for durational or dispositional departure and sentenced him to 60 months' imprisonment in the aggravated burglary case and 12 months' imprisonment in the theft case. The district court also ordered restitution in the theft case in the amount of $1,299.43, stating specifically that it was "collectible immediately and while in custody." Barrett did not object to restitution. The district court later amended Barrett's sentence in the theft case to 27 months' imprisonment after the district court determined it had incorrectly pronounced the severity level for that conviction. The district court affirmed and incorporated all other previously pronounced sentencing conditions, including the restitution order, at the resentencing hearing.

Barrett timely appeals.

2

I.     DID THE DISTRICT COURT IMPOSE AN ILLEGAL SENTENCE BY FAILING TO PROVIDE A RESTITUTION PAYMENT PLAN?

Barrett argues the district court imposed an illegal sentence because it failed to set a payment plan for restitution. He asks us to vacate the restitution order and remand the matter so the district court may set a payment plan. Barrett further contends that a failure to remand would violate due process because it would remove his vested interest in the district court setting a payment plan, an interest that was available to him at the time of sentencing.

As we noted at the outset, Barrett raises his assertion that his restitution order is illegal for the first time on appeal. Typically, appellants cannot raise issues on appeal that they did not raise before the district court. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, "certain issues, such as subject matter jurisdiction or an illegal sentence, can be raised at any time regardless of whether the issue was presented to the district court." *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019); see K.S.A. 2020 Supp. 22-3504(a) ("The court may correct an illegal sentence at any time while the defendant is serving such sentence."). Restitution is part of a defendant's sentence. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014).

Whether a sentence is illegal within the meaning of K.S.A. 2020 Supp. 22-3504(c) is a question of law subject to our unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). A sentence is illegal when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. K.S.A. 2020 Supp. 22-3504(c); *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). A sentence is not illegal because of a change in the law that occurs after the sentence is pronounced. K.S.A. 2020 Supp. 22-3504(c)(1). But a change in the law is one that occurs after the sentence is pronounced, "unless the opinion

is issued while the sentence is pending on appeal from the judgment of conviction." K.S.A. 2020 Supp. 22-3504(c)(2).

Barrett appears to be arguing his sentence is illegal because it does not conform in character to the statutory provisions. He states: "At the time of sentencing, K.S.A. 2019 Supp. 21-6604(b)(1) & (2) required a district court to set a payment plan when ordering restitution. The district court in the present case failed to set a payment plan, and, as such, the restitution order in the present case is illegal." Parenthetically, we note the parties argue the applicability of the 2019 version of the statute, but at the time Barrett committed his crimes, the 2018 version was in effect. Fortunately, the two versions are the same in relevant part, so we apply their arguments as if they were arguing the applicability of the 2018 version.

To evaluate the legality of Barrett's restitution order, we must first interpret the statute that addresses restitution. We exercise unlimited review of legal questions involving the interpretation of the underlying statutes. *State v. Martin*, 308 Kan. 1343, 1350, 429 P.3d 896 (2018).

When Barrett was sentenced in November 2019, K.S.A. 2018 Supp. 21-6604(b) governed restitution orders and stated in relevant part:

"(1) . . . [T]he court shall order the defendant to pay restitution . . . unless the court finds compelling circumstances that would *render a plan of restitution unworkable.* . . . If the court *finds a plan of restitution unworkable*, the court shall state on the record in detail the reasons therefor.

"(2) . . . If, after 60 days from the date restitution is ordered by the court, a defendant is found to be *in noncompliance with the plan established by the court for the payment of restitution*, . . . the court shall assign an agent . . . to collect the restitution on behalf of the victim." (Emphases added.)

4

While this case has been on appeal, another panel of this court held that this statute required the district court to set a restitution plan. *State v. Roberts*, 57 Kan. App. 2d 836, 845, 461 P.3d 77, *vacated and remanded* 2020 WL 8269363, at *1 (2020).

Subsequent to the *Roberts* opinion, however, the Legislature amended K.S.A. 21-6604(b), effective June 11, 2020, to remove all references to a restitution plan. L. 2020, ch. 9, § 1. The amended version states:

"(1) . . . Restitution shall be due immediately unless: (A) The court orders that the defendant be given a specified time to pay or be allowed to pay in specified installments; or (B) the court finds compelling circumstances that would *render restitution unworkable*, either in whole or in part. . . . If the court *finds restitution unworkable*, either in whole or in part, the court shall state on the record in detail the reasons therefor.

"(2) . . . If, after 60 days from the date restitution is ordered by the court, a defendant is found to be *in noncompliance with the restitution order*, . . . the court shall assign an agent . . . to collect the restitution on behalf of the victim." (Emphases added.) K.S.A. 2020 Supp. 21-6604(b).

The changes between the 2018 and 2020 versions above primarily function to remove any allusion to a restitution plan from the language of the statute. The phrase "would render a restitution plan unworkable" in the 2018 version became "would render restitution unworkable" in the 2020 version, while the phrase "if the court finds a restitution plan unworkable" became "if the court finds restitution unworkable." Finally, the language "in noncompliance with the plan established by the court for the payment of restitution" became "in noncompliance with the restitution order." These alterations to the statutory language are not substantive except in the removal of an allusion to a plan.

With the 2020 amendments, the Legislature also added both a retroactivity clause and a subsection providing an avenue for relief for a defendant who was not given a specified time to pay restitution or a restitution installment plan. The retroactivity clause reads as follows: "The amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively." K.S.A. 2020 Supp. 21-6604(v). The other new subsection allows a defendant who is subject to a restitution order issued prior to the effective date of the 2020 amendments and which lacks a specified time to pay or an installment plan until December 31, 2020, to file a motion with the sentencing court seeking such a restitution order:

> "If a restitution order entered prior to the effective date of this act does not give the defendant a specified time to pay or set payment in specified installments, the defendant may file a motion with the court prior to December 31, 2020, proposing payment of restitution in specified installments. The court may recall the restitution order from the agent assigned pursuant to K.S.A. 20-169, and amendments thereto, until the court rules on such motion. If the court does not order payment in specified installments or if the defendant does not file a motion prior to December 31, 2020, the restitution shall be due immediately." K.S.A. 2020 Supp. 21-6604(b)(3).

A.     *Restitution order legal under the 2018 restitution statute*

Although the restitution statute was amended after Barrett was sentenced, our Supreme Court has held that "in a direct appeal, a defendant will receive the benefit of any change in the law that occurs while the direct appeal is pending." *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019). Barrett, however, does not believe he benefits from the change in the law, so he does not want it to apply.

Barrett argues that if the 2018 version of K.S.A. 21-6604 applies, he is entitled to remand because K.S.A. 2018 Supp. 21-6604(b) requires a court not only to set an amount of restitution, but also to include a plan of payment when it orders restitution. He alleges

6

that the district court failed to meet this statutory requirement when sentencing him. Barrett leans heavily on *Roberts*, 57 Kan. App. 2d at 845, in which another panel of this court vacated the district court's restitution order and remanded to "correct [Roberts'] sentence by establishing a plan of payment for restitution." The *Roberts* panel stated that "the statutory language of K.S.A. 2018 Supp. 21-6604(b) imposes upon 'the court' the responsibility for making a plan for the payment of restitution." 57 Kan. App. 2d at 845. This reliance on *Roberts*, however, is problematic because in September 2020, which was after Barrett filed his brief in this court on June 30, 2020, the Kansas Supreme Court summarily vacated the *Roberts* panel's opinion and remanded the case for the panel to reconsider the matter in light of the 2020 amendments to K.S.A 21-6604 and K.S.A. 21-6607. *State v. Roberts*, No. 120,377, 2020 WL 8269363, at *1 (Kan. 2020) (unpublished opinion).

But even if we assume the correctness of *Roberts* and that the 2018 version of K.S.A. 21-6604(b) did require the district court to impose a restitution payment plan, as Barrett argues, the district court did so here. The *Roberts* panel explained that a restitution payment plan "may be as simple as ordering a defendant to make the full restitution payment immediately or ordering monthly installments." 57 Kan. App. 2d at 843. In the case before us, the district court made Barrett's restitution obligation "collectible immediately and while in custody." This meets the *Roberts* test that any restitution payment plan establish the amount of restitution owed and how it is to be repaid. 57 Kan. App. 2d at 844. Hence, when applying 2018 version of the restitution statute, there is no illegality in the district court's restitution order.

B.    *Restitution order legal under the 2020 restitution statute*

The State argues Barrett's restitution order is legal because the 2020 amendments to the restitution statute have retroactive effect. However, we need not answer whether the 2020 amendments have retroactive effect because we have already determined

Barrett's restitution order is legal under the 2018 version of the restitution statute. But even if we were to assume all the 2020 amendments are applicable to Barrett's restitution order, his restitution order is also legal under the 2020 restitution statute. As we have noted above, the 2020 amendments to K.S.A. 21-6604(b) strip out any reference to a restitution "plan" and make restitution due and payable immediately unless the district court orders otherwise. See K.S.A. 2020 Supp. 21-6604(b)(1). Here, the district court clearly ordered the amount Barrett owed in restitution and made it due immediately.

C.    *Too late to seek relief under K.S.A. 2020 Supp. 21-6604(b)(3)*

As we have explained, a defendant gets the benefit of any change in the law which occurs while the defendant's case in on direct appeal. *Murdock*, 309 Kan. at 591. One such benefit included in the 2020 amendments to K.S.A. 21-6604 is the addition of new subsection (b)(3), which allows defendants with restitution orders imposed prior to the enactment of the 2020 amendments to seek a revised restitution order in the district court allowing restitution to be paid in installments. But this provision contains a deadline for seeking relief of December 31, 2020. K.S.A. 2020 Supp. 21-6604(b)(3). Barrett asks us to remand the case to the district court for that purpose. The State responds that K.S.A. 2020 Supp. 21-6604(b)(3) specifies that Barrett may motion the district court for relief, implying a remand is not necessary and that Barrett's appeal is moot.

Another panel of this court considered the 2020 amendments in *State v. Logan*, No. 122,116, 2021 WL 645929 (Kan. App. 2021) (unpublished opinion), *rev. denied* August 31, 2021. Logan's restitution order was likewise issued before the 2020 amendments and did not include a payment plan. While his appeal was pending, Logan requested the panel to stay the appeal and remand the case to the district court so that Logan could timely file a motion regarding the method of paying for restitution with the district court. The panel granted the stay and the remand. But at a December 15, 2020 hearing before the district court, Logan waived his right to have a payment plan

8

established, yet he also stated he was not waiving his right to request a payment plan in the future, once his appeal was final. Once back before our court, the panel lifted the stay and issued a decision in which it noted that Logan's "remedy for the district court's alleged error in not providing a payment plan for its order of restitution lies solely with the district court by making a timely motion under K.S.A. 2020 Supp. 21-6604(b)(3)." *Logan*, 2021 WL 645929, at *4. The panel further found that Logan failed to adequately support his claim that he was entitled to some future right to have the district court establish installment payments once his appeal was final and deemed that argument abandoned. 2021 WL 645929, at *5.

We also note that the *Roberts* panel, after having the case sent back to it by our Supreme Court, did remand the case to the district court to allow the defendant to motion the district court for relief under K.S.A. 2020 Supp. 21-6604(b)(3). However, that remand order was issued in October 2020, prior to the expiration of the December 31, 2020 deadline.

Here, Barrett filed his brief on June 30, 2020, prior to the December 31, 2020 statutory deadline, but has never asked us for a stay of his appeal as Logan did, and the deadline for that avenue of relief has now passed. Given that K.S.A. 2020 Supp. 21-6604(b)(3) stipulates that a defendant seek relief in the district court, not an appellate court, Barrett's remedy lies there. As Barrett failed to avail himself of the statutory right to file a motion in the district court or request a stay from this court to do so prior to the deadline, K.S.A. 2020 Supp. 21-6604(b)(3) now provides no avenue whereby Barrett is entitled to request that his restitution be paid in specified installments.

II.	DID THE DISTRICT COURT ERR IN IMPOSING AN AGGRAVATED SENTENCE WITHOUT REQUIRING THE STATE TO PROVE THE AGGRAVATED FACTORS TO A JURY BEYOND A REASONABLE DOUBT?

Barrett argues for the first time on appeal that his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated due to the district court sentencing him to an aggravated sentence which was based in part on his criminal history, and the State did not prove that criminal history to a jury beyond a reasonable doubt. See *Apprendi v. New Jersey*, 530 U.S. 466, 477, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (any fact that increases defendant's maximum penalty must be proven to jury beyond reasonable doubt). While constitutional issues may not typically be raised for the first time on appeal, *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018), Barrett argues we may consider this issue for the first time on appeal because it involves only a legal question arising from proven or admitted facts and is finally determinative of the case. See *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019).  But this question is not finally determinative of the case as a favorable resolution for Barrett would simply mean a remand to the district court for resentencing.

Moreover, Barrett acknowledges that the Kansas Supreme Court has already decided this issue adversely to him in *State v. Ivory*, 273 Kan. 44, 46, 41 P.3d 781 (2002) (use of defendant's criminal history to increase sentence without it having been proven to jury beyond reasonable doubt not violative of Sixth and Fourteenth Amendments). See *State v. Sullivan*, 307 Kan. 697, 708, 414 P.3d 737 (2018) (reaffirming *Ivory*). Accordingly, we decline to address Barrett's constitutional challenge to his sentence. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (Court of Appeals duty-bound to follow Supreme Court precedent); see also *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020) (no obligation to consider issue raised first time on appeal even if exception applies).

Affirmed.