NOT DESIGNATED FOR PUBLICATION

No. 122,324

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER S. HAUGLAND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; MICHAEL D. GIBBENS, judge. Opinion filed December 30, 2021. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Meredith D. Mazza*, assistant county attorney, *Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and JAMES L. BURGESS, S.J.

PER CURIAM: Christopher S. Haugland appeals his sentence following his 2019 conviction of felony theft. Haugland claims the district court's sentencing order that he pay $15,000 in restitution is illegal because it included no plan for payment. There have been some twists and turns along the way affecting the single issue Haugland raises on appeal. For the reasons we state below, we find the restitution order is not an illegal sentence and affirm the district court's judgment.

1

FACTS

In April 2019, the State charged Haugland with one count each of felony theft, identity theft, and forgery for impersonating his brother and withdrawing $101,000 from his brother's banking account. Haugland later pled no contest to one count of felony theft and the State dismissed the other counts. As part of the plea agreement, Haugland acknowledged that the district court could require him to pay restitution.

The presentence investigation report included a victim statement from the bank that Haugland defrauded to steal his brother's money. The bank requested $15,000 in restitution because of the time and resources used in addressing Haugland's crimes, increased regulatory scrutiny, and negative media attention. In a motion for dispositional departure, Haugland acknowledged "there is $15,000 in restitution to be paid and Defendant fully intends to reimburse the victims that money. Defendant wants the opportunity to get a job and reimburse the money owed."

At sentencing on November 6, 2019, the district court imposed a 31-month prison sentence and ordered Haugland to pay $15,000 in restitution. The district court denied Haugland's departure motion. When imposing restitution, the court stated simply that "[t]he restitution is set at $15,000." Haugland timely appealed his sentence.

ANALYSIS

Haugland argues that the district court imposed an illegal sentence because it failed to set up a payment plan for restitution under K.S.A. 2018 Supp. 21-6604(b). As a result, he asks this court to vacate the restitution order and remand to allow the district court to set a payment plan. The State argues that the restitution order and sentence is not illegal because a plan for payment of restitution is not required under the statute.

To start, it bears mentioning that Haugland is challenging the legality of his restitution order for the first time on appeal. Typically, appellants cannot raise issues on appeal that they did not raise below. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). But "certain issues, such as subject matter jurisdiction or an illegal sentence, can be raised at any time regardless of whether the issue was presented to the district court." *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019); see K.S.A. 2020 Supp. 22-3504(a) ("The court may correct an illegal sentence at any time while the defendant is serving such sentence."). Restitution is part of a defendant's sentence. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). Thus, Haugland can make his claim on appeal.

Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). A sentence is illegal under K.S.A. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). A change in the law after the sentence is pronounced and after any direct appeal is concluded does not render that sentence illegal. K.S.A. 2020 Supp. 22-3504(c).

To determine whether Haugland's restitution order was illegal, this court must first interpret the relevant statute. This court exercises unlimited review over questions of statutory interpretation because that presents a question of law. *State v. Martin*, 308 Kan. 1343, 1350, 429 P.3d 896 (2018).

Haugland claims his sentence is illegal because it does not conform to the applicable statutory provisions and because it is ambiguous about the time and manner in which it is to be served. He contends the district court needed to establish a payment plan when imposing restitution at sentencing, as another panel of this court held in *State v. Roberts*, 57 Kan. App. 2d 836, 844-45, 461 P.3d 77 (2020), *vacated and remanded* No.

120,377, 2020 WL 8269363, at *1 (order filed September 29, 2020). The same version of the statute analyzed by the *Roberts* panel controlled when Haugland originally committed his crimes. See *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019) ("[T]he legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced."). That statute provides:

> "(1) . . . [T]he court shall order the defendant to pay restitution . . . unless the court finds compelling circumstances which would render a *plan of restitution unworkable*. . . . If the court finds a *plan of restitution* unworkable, the court shall state on the record in detail the reasons therefor.
> "(2) . . . If, after 60 days from the date restitution is ordered by the court, a defendant is found to be in *noncompliance with the plan established by the court* for payment of restitution, . . . the court shall assign an agent . . . to collect the restitution on behalf of the victim." (Emphases added.) K.S.A. 2018 Supp. 21-6604(b).

But soon after this court issued *Roberts*, the Legislature amended the statute, effective June 11, 2020, to remove all references to a "plan." See L. 2020, ch. 9 § 1. The statute now provides:

> "(1) . . . . *Restitution shall be due immediately* unless: (A) The court orders that the defendant be given a specified time to pay or be allowed to pay in specified installments; or (B) the court finds compelling circumstances *that would render restitution unworkable*, either in whole or in part. . . . *If the court finds restitution unworkable*, either in whole or in part, the court shall state on the record in detail the reasons therefor.
> "(2) . . . If, after 60 days from the date *restitution is ordered* by the court, a defendant is found to be in noncompliance with *the restitution order*, . . . the court shall assign an agent . . . to collect the restitution on behalf of the victim." (Emphases added.) K.S.A. 2020 Supp. 21-6604(b).

4

The Legislature also added subsection (b)(3), which provides:

"If a restitution order entered prior to the effective date of this act does not give the defendant a specified time to pay or set payment in specified installments, the defendant may file a motion with the court prior to December 31, 2020, proposing payment of restitution in specified installments. The court may recall the restitution order from the agent assigned pursuant to K.S.A. 20-169, and amendments thereto, until the court rules on such motion. If the court does not order payment in specified installments or if the defendant does not file a motion prior to December 31, 2020, the restitution shall be due immediately." K.S.A. 2020 Supp. 21-6604(b)(3).

Finally, the Legislature included a retroactivity provision, which provides that "[t]he amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively." K.S.A. 2020 Supp. 21-6604(v).

One day after Haugland filed his reply brief, the Kansas Supreme Court granted a petition for review in *Roberts* and summarily vacated and remanded the case to the panel to consider the amended statute. *Roberts*, No. 120,377, 2020 WL 8269363, at *1 (order filed September 29, 2020). After issuing a show cause order directing the parties to address mootness as a result of the statutory changes, this court disposed of *Roberts* by remanding the case to the district court to allow Roberts to file a motion for a payment plan under newly added subsection (b)(3).

Because of the developments in the law since Haugland first docketed his appeal, we may need to consider several issues to resolve his illegal sentence claim, including whether: (1) the restitution order is illegal under the prior version of the statute because it omits a payment plan; (2) retroactively applying the amended statute violates his constitutional and statutory rights; and (3) remand would be appropriate to allow Haugland a chance to request a payment plan under the amended statute.

5

*Was the restitution order legal under the 2018 version of the statute?*

Haugland argues the restitution order is illegal because it fails to conform to the statutory language of K.S.A. 2018 Supp. 21-6604(b). As mentioned, Haugland relies heavily on *Roberts*, which held that "[t]he language of K.S.A. 2018 Supp. 21-6604(b)(2) is direct and unambiguous—the court must establish a plan 'for payment of restitution.'" *Roberts*, 57 Kan. App. 2d at 844.

In reaching that conclusion, the *Roberts* panel distinguished a prior unpublished Court of Appeals decision because of specific language in K.S.A. 2018 Supp. 21-6604(b)(2) that addressed "noncompliance with *the plan established by the court* for payment of restitution." (Emphasis added.) *Roberts*, 57 Kan. App. 2d at 838, 841; see also *State v. Garza*, No. 118,840, 2019 WL 1412444, at *5 (Kan. App.) (unpublished opinion) (interpreting "plan of restitution" used elsewhere in the statute consistent with prior caselaw that restitution becomes due only after a defendant is released from prison when the district court fails to make clear at sentencing that restitution is due immediately), *rev. denied* 310 Kan. 1066 (2019). According to the *Roberts* panel, the language emphasizing that a court must evaluate "the plan established by the court" when determining noncompliance with a restitution order necessarily requires establishment of a payment plan at sentencing. 57 Kan. App. 2d at 839.

But Haugland's continued reliance on *Roberts* is problematic. Admittedly, when Haugland filed his briefs, *Roberts* remained at least persuasive authority because the petition for review in that case remained pending when he filed his reply brief. See Supreme Court Rule 8.03(k)(1) (2021 Kan. S. Ct. R. 54) (Court of Appeals decisions not binding while petition for review still pending and citation to such decisions must say the case is not final). But on September 29, 2020, the Supreme Court granted review and summarily *vacated* the Court of Appeals opinion in *Roberts* and remanded the case to consider the statutory amendments. *Roberts*, No. 120,377, 2020 WL 8269363, at *1

(order filed September 29, 2020). This court disposed of the case by remanding to the district court to allow Roberts to file a motion for a payment plan under the amended statute. As a result, *Roberts* is no longer good law because the procedural handling of the case negated the panel's decision. See Supreme Court Rule 8.03(k)(2) (2021 Kan. S. Ct. R. 60) ("If a petition for review is granted, the Court of Appeals decision has no force or effect, and the mandate will not issue until disposition of the appeal on review.").

Moreover, a recent Kansas Supreme Court decision seems to have implicitly invalidated the bulk of the *Roberts* panel's statutory interpretation analysis. In *State v. Arnett*, 314 Kan. 183, 496 P.3d 928 (2021), our Supreme Court considered the constitutionality of portions of the criminal restitution statutes in Kansas. See also *State v. Owens*, 314 Kan. 210, 496 P.3d 902 (2021) (decided same day and referencing *Arnett*); *State v. Robison*, 314 Kan. 245, 496 P.3d 892 (2021) (same). Our Supreme Court held that Kansas' current criminal restitution scheme violated section 5 of the Kansas Constitution Bill of Rights insomuch as the statutes made a criminal restitution order equivalent to a civil judgment. *Arnett*, 314 Kan. at 194. Rather than invalidate every restitution order made outside the purview of a jury under the statute, our Supreme Court's chosen remedy was to sever the offending provisions of the criminal restitution scheme. *Arnett*, 314 Kan. at 195.

One of those provisions was K.S.A. 21-6604(b)(2), which states that the order of restitution shall be a judgment against the defendant that may be collected by the court by garnishment or other execution as on judgments in civil cases. The *Arnett* court explained that not all the language of subsection (b)(2) was unconstitutional, but that severing the *entire* subsection was necessary because "it is too difficult to uncouple the acceptable provisions from those provisions that violate section 5." *Arnett*, 314 Kan. at 196. Notably, the *Roberts* panel highlighted the significance of the language used in the 2018 version of subsection (b)(2)—specifically "the plan established by the court for payment of restitution"—as supporting its conclusion that the statute required the court to establish a

7

payment plan for restitution at sentencing. K.S.A. 2018 Supp. 21-6604(b)(2); 57 Kan. App. 2d at 838. Although the *Arnett* court did not distinguish between the pre- and post-2020 versions of subsection (b)(2) in its constitutionality analysis, the "offending" language that needed severance was not substantively changed, so it makes sense that *Arnett's* holding applies even to the 2018 version. *Arnett*, 314 Kan. at 195. In other words, severing subsection (b)(2) effectively voids *Roberts* regardless of any statutory changes because the panel's analysis hinged on the differing language that referred to "the plan established by the court for payment of restitution" versus "plan of restitution" used elsewhere in the statute.

We are aware that the defendant in *Arnett* has filed a notice of intent to file a petition for a writ of certiorari to the United States Supreme Court, and so *Arnett* is not final. But the potential certiorari petition will only challenge the holding in *Arnett* that the Kansas criminal restitution scheme does not violate the right to a jury trial under the Sixth Amendment to the United States Constitution under the principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and its progeny. Haugland makes no claim that the restitution order in his case violates the Sixth Amendment. And any ruling on this issue will not affect the holding in *Arnett* that the Kansas criminal restitution scheme violates section 5 of the Kansas Constitution Bill of Rights, and the court's remedy to strike the offending language in K.S.A. 2020 Supp. 21-6604(b)(2).

Haugland's argument that his restitution order was illegal under the prior version of the statute because it lacked a payment plan begins and ends with the decision by the *Roberts* panel. But that decision has since been vacated and effectively overruled because of *Arnett*. Haugland provides no authority other than *Roberts* to support his claim that the restitution order in his case amounts to an illegal sentence.

8

Haugland also recognizes that another panel of this court reached a contrary conclusion in *State v. Garza*, No. 118,840, 2019 WL 1412444, at *5 (Kan. App. 2019) (unpublished opinion), *rev. denied* 310 Kan. 1066 (2019). In that case, the panel interpreted the phrase "plan of restitution" from K.S.A. 2017 Supp. 21-6604(b)(1)—which is identical to the 2018 version—according to prior Kansas Supreme Court caselaw which held that if a district court does not make it clear that the restitution is due immediately, then it does not become due until the prisoner against whom the order is entered is released from prison. 2019 WL 1412444, at *5 (citing *State v. Alderson*, 299 Kan. 148, 151, 322 P.3d 364 [2014]). Thus, the *Garza* panel concluded the "plan of restitution" merely referred to the plan that required an inmate to begin paying restitution upon their release from prison if not ordered otherwise. 2019 WL 141244, at *5; see also K.S.A. 2017 Supp. 22-3717(n) (authorizing prisoner review board to order payment of restitution as a condition of parole or postrelease supervision condition).

Another panel of this court recently addressed a similar challenge in the wake of *Roberts* and concluded—in agreement with the *Garza* decision—that K.S.A. 2019 Supp. 21-6604(b) did not require the sentencing court to establish a payment plan when imposing restitution. See *State v. Jackson*, No. 121,827, 2021 WL 4693244, at *16 (Kan. App. 2021) (unpublished opinion). The *Jackson* panel emphasized that the Kansas Supreme Court has never required establishment of a payment plan and has approved restitution orders without payment plans. 2021 WL 4693244, at *16 (citing *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 [2015] [restitution order which did not specify monthly payments or when payments were to begin upheld]; *Alderson*, 299 Kan. at 151).

We find the reasoning expressed in *Jackson* and *Garza* to be persuasive, especially considering the recent *Arnett* decision. Since the *Roberts* panel distinguished *Garza* specifically because it failed to address language found in K.S.A. 2018 Supp. 21-6604(b)(2), *Arnett* impacts that analysis as that language has now been severed from the statute. The only remaining reference to a "plan of restitution" in the statute after *Arnett* is

9

found in (b)(1), which does not explicitly mention any sort of payment plan "established by the court." K.S.A. 2018 Supp. 21-6604(b)(1).

Put another way, the 2018 version of the restitution statute does not require establishment of a payment plan for restitution at sentencing. As a result, we find the district court's restitution order was legal under the 2018 version because it clearly set out the restitution amount as required by the statute. We need not rely on the fact that the 2020 amendments to the statute effectively overruled *Roberts*. Based on this finding, we need not consider Haugland's claim that retroactively applying the 2020 amendments to the statute violates his constitutional and statutory rights.

*Is remand appropriate to allow Haugland to file a motion for a payment plan?*

Haugland's reply brief asserts in the alternative that this court should remand to allow him to file a motion for a payment plan under K.S.A. 2020 Supp. 21-6604(b)(3). But Haugland may no longer have a right to request a payment plan under the amended statute because the deadline has long passed.

Other panels of this court have found similarly in cases that considered the 2020 amendments. In *State v. Logan*, No. 122,116, 2021 WL 645929 (Kan. App. 2021) (unpublished opinion), *rev. denied* 314 Kan. ___ (August 31, 2021), the defendant successfully moved for a stay of his appeal and a remand to timely file a motion under subsection (b)(3). At a hearing on remand, Logan purported to waive his right to have a payment plan established "at that time." 2021 WL 645929, at *4-5. When the case returned to the panel, it issued a decision and concluded that Logan waived his "sole" statutory remedy under the amended statute. 2021 WL 645929, at *4-5. Relying on *Logan*, another panel of this court recently rejected similar challenges where the 2020 amendments were enacted during pending cases in which the defendants failed to request a stay or file a motion in the district court before the December 31, 2020 deadline. See,

e.g., *Jackson*, 2021 WL 4693244, at \*18; *State v. Barrett*, No. 122,410, 2021 WL 4352530, at \*5 (Kan. App. 2021) (unpublished opinion), *petition for rev. filed* October 25, 2021.

Haugland filed his reply brief in September 2020, but other than mentioning a potential remand in that brief, he neither filed a request for stay of the appeal nor a motion for a payment plan with the district court before the statutory deadline. Haugland correctly states that the docketing of an appeal generally divests a district court of jurisdiction to hear posttrial motions. *State v. Smith*, 278 Kan. 45, 51, 92 P.3d 1096 (2004). But even if the district court could not exercise jurisdiction over a motion for a restitution payment plan while an appeal was pending, Haugland still fails to show why he failed to request a stay or a remand before the December 31, 2020 deadline.

Although this court did eventually stay briefing in February 2021, the stay was merely to allow the State an opportunity to respond to the new arguments made in Haugland's reply brief. See Supreme Court Rule 6.05 (2021 Kan. S. Ct. R. 37); see also *State v. McCullough*, 293 Kan. 970, 984, 270 P.3d 1142 (2012) (appellant may not raise new issues in a reply brief). And despite the State filing a motion requesting a stay of the appeal and a remand to the district court two weeks later—to which Haugland did not oppose—this court properly denied the motion because it was filed beyond the deadline. Thus, we conclude Haugland waived his only avenue for relief under the amended statute that would have allowed him to request a restitution payment plan.

In sum, Haugland fails to show that he is entitled to relief on his illegal sentence claim. First, his restitution order was not illegal for lacking a payment plan for restitution because even under the prior version of the statute, no payment plan was required. Then, because he failed to file a motion requesting a payment plan before the statutory deadline, he waived his right to any relief under the amended statute. The district court's restitution order is a legal sentence, and Haugland has no right to any relief in this appeal.

Affirmed.